CASE 23—INDICTMENT—MARCH 22.

# Webb v. Commonwealth.

### APPEAL FROM LIVINGSTON CIRCUIT COURT.

CRIMINAL LAW—STEALING FROM WAREHOUSE.—The mere taking of property of value from a warehouse or room mentioned in section 4 of article 6, chapter 29, General Statutes, is not sufficient to constitute the offense for which that statute provides a punishment. To constitute that offense there must be a *breaking*.

The indictment in this case charges that the defendant did feloniously steal from a warehouse "one sack of tobacco of the value of forty cents." *Held*—That the offense charged is only a misdemeanor.

J. K. HENDRICK FOR APPELLANT.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

Briefs not in record.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The grand jury of Livingston county returned into court an indictment against the appellant, William Webb, charging him with the felonious taking from a warehouse property of value, committed as follows: "The said William Webb, in the county of Living-

ston, on the twentieth of January, 1888, did feloni-
ously steal, take and carry away from the warehouse
of C. B. Davis one sack of tobacco, of the value of
forty cents, the personal property of C. B. Davis, etc."
It is also charged in the indictment that the accused
had been indicted, tried, convicted and sentenced to
imprisonment in the penitentiary for the crime of
house-breaking, the judgment being confinement at
hard labor for three years, and rendered by the Liv-
ingston Circuit Court in August, 1871, etc. The object
of the second charge in the indictment was to have
double punishment inflicted on the offender as pro-
vided by section 12 of article 1, chapter 29, General
Statutes. That provision reads: "Every person con-
victed a second time of felony, the punishment of
which is confinement in the penitentiary, shall be
confined in the penitentiary not less than double the
time of the first conviction, etc."

The accused having been convicted under the first
indictment and sent to the penitentiary for three
years, the jury under the present indictment doubled
the period, and sent him for six years. The indict-
ment is based on section 4 of article 6, chapter 29,
General Statutes, that provides: "If any person shall
feloniously, in the night or day, break any warehouse,
storehouse, office, shop or room in a steam, wharf or
other boat, whether such place be or be not a depos-
itory for goods, * * * with intent to steal, or
shall feloniously take therefrom or destroy any goods,
wares, or merchandise, or other thing of value, whether
the owner or other person be or not in such house,
office, room or shop, he shall be confined in the peni-

tentiary not less than one nor more than five years."
It is nowhere charged in the indictment that the ac-
cused broke into the warehouse of Davis, but an aver-
ment charging him only with feloniously stealing and
carrying away from the warehouse of Davis tobacco
of the value of · forty cents, the property of Davis.

The gravamen of the offense under this statute is,
the breaking with an intent to steal, or feloniously
taking therefrom property of value.   The mere tak-
ing from a warehouse the property of another, with
a felonious intent, is not the offense created and pun-
ished by this statute.   In such a case the offense
would be either grand larceny or a misdemeanor, to
be determined by the value of the property stolen.
In this case the felony charged is the felonious tak-
ing from the warehouse of Davis tobacco of the value
of forty cents, and the offense, if proven, being that of
petty larceny, it was error to charge the jury, or to
adjudge from the facts alleged in the indictment that
the offense was a felony, punishable by confinement
in the State prison.

A statute will be found on page 424 of General Stat-
utes, [chapter 29, article 11, section 4, punishing any
person for stealing money, goods or chattels, of the
value of four dollars or upwards (now changed to ten
dollars), either from the person of any one, or from
his house, without violence or putting in fear, by con-
finement in the State prison not less than two nor
more than five years.   It is plain, therefore, that the
Legislature never intended to make the taking of per-
sonal property from a house, although with the intent
to steal, a felony, if the value of the property was
such as constituted the offense petit larceny.

The offense here charged is a misdemeanor, and nothing more, and in order to constitute it a higher degree of offense, the fact of breaking the house, if true, should have been alleged, as this, under the statute, is the substantial cause of complaint.

The judgment below is, therefore, reversed, and remanded, with directions to award a new trial, and for proceedings consistent with this opinion.