Farris v. Commonwealth.

CASE 102—INDICTMENT—NOVEMBER 22.

# Farris v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. INDICTMENT—MISJOINDER OF OFFENSES.—An objection to an indictment upon the ground of misjoinder of offenses may be presented by demurrer.

2. SAME.—An indictment for "feloniously breaking a store-house, with intent to steal, and stealing articles of value therefrom," charges but a single offense, although it alleges both a breaking with intent to steal and an actual stealing. The stealing is merely evidence of the intent with which the breaking was done.

3. BREAKING STORE-HOUSE WITH INTENT TO STEAL—INSTRUCTIONS TO JURY.—Under such an indictment it was error to instruct the jury as to grand and petit larceny, and the error was not cured by a verdict finding defendant "guilty as charged in the indictment," and fixing his punishment at three years in the penitentiary.

CHARLES G. RICHIE FOR APPELLANT.

1. The indictment is bad for duplicity, and the demurrer thereto should have been sustained. (Criminal Code, secs. 126, 127; Gen. Stats., chap. 29, art. 6, sec. 4; Connor v. Commonwealth, 13 Bush; Johnson v. Commonwealth, 87 Ky., 190.)

2. The mere possession of the stolen goods is not *prima facie* evidence of burglary, and the court erred in refusing to so instruct the jury. (Wharton's Criminal Evid., sec. 763; American and English Encyclopedia of Law, p. 693.)

3. It was error to instruct the jury that they could convict if less than ten dollars' worth of property was stolen.

4. It was error to instruct as to the effect of confessions made by the accused, as there was no attempt to prove that he had made any confessions.

5. A verdict can not cure errors in instructions.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

1. The indictment charges but a single offense. The statute on which the indictment is based was intended to embrace the act of feloniously breaking and stealing goods from a store-house as one offense. (Olive v. Commonwealth, 5 Bush, 376; Gen. Stats., chap. 29, art. 6, sec. 4.)

2. The verdict of the jury finding the defendant guilty as charged in the indictment is conclusive upon the question of misjoinder of offenses. (Scalf v. Commonwealth, 9 Ky. Law Rep., 413.)

3. If there is one good count in the indictment the court will permit the verdict to stand. (Crim. Code, sec. 340; Robinson v. Commonwealth, 16 B. M., 609.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The indictment against the appellant, Bud Farris, is, as it states, for "feloniously breaking a store-house, with intent to steal, and stealing articles of value therefrom." In setting out in the body of it the acts constituting the alleged offense, it says:

"The said Bud Farris    *    *    unlawfully and feloniously did break and enter the store-house of Tapp, Leathers & Co.,    *    *    with the intent then and there to steal therefrom, and did unlawfully and feloniously take, steal and carry away therefrom one lot of pants of the value of twenty-five dollars, the personal property of said firm, with the fraudulent intent to convert the same to his own use, and to permanently deprive said firm of its property therein." The statute upon which it is based provides:

"If any person shall feloniously, in the night or day, break any warehouse, store-house, office, shop or room in a steam, wharf or other boat, whether such place be or be not a depository for goods, wares or merchandise, and whether the goods, wares and merchandise be or be not exposed for sale in such place, with intent to steal, or shall feloniously take therefrom, or destroy any goods, wares or merchandise, or other thing of value, whether the owner or other person be or not in such house, office, room or shop, he shall be confined in the penitentiary not less than one nor more than five years." (Gen. Stats., chap. 29, art. 6, sec. 4.)

A demurrer to it was presented, and the accused having been convicted, it is now urged that it should have been sustained upon the ground of a misjoinder of offenses. If open to this objection, it was proper to present it by demurrer.

It is claimed that both the statutory offense of breaking the store-house with intent to steal and the common law offense of grand larceny are charged. If this be true, then the objection was undoubtedly well taken, because section 126 of the Criminal Code provides that an indictment shall charge but one offense, save in the cases enumerated in the succeeding section, and the two just named are not embraced by it. Is this indictment, however, of a dual character? Does it really charge two offenses? In proof that it does counsel urge if the portion which avers that the accused "did unlawfully and feloniously take, steal and carry away" the property be omitted, there yet remains the charge of breaking into the store-house with intent to steal; and if the latter be omitted, yet the charge of larceny remains, and that this fact evidences a misjoinder of offenses.

We do not think so. The gravamen of the offense denounced by the statute *supra* is *the breaking* into the store-house with a felonious purpose. This being so, the indictment may properly charge not only that the breaking was with the intent to steal, but that the party actually did steal property therefrom. The stealing shows the intent of the breaking into the house. It is the very best evidence of it; and if it can be proven under an averment of a breaking with intent to steal, we fail to see why it can not be charged

in the indictment without rendering it liable to the ·charge of duplicity. The averment and evidence in support of it only verifies the intent as felonious with which the breaking was done.

In the case of Olive v. Commonwealth, 5 Bush, 376, where the indictment for burglary, instead of averring that the breaking was done with intent to ,steal, which would have been sufficient, went further and alleged the ulterior felony, or that the ac- ·cused actually did steal, it was held that this did not vitiate it. The court said : "But in this case more is charged in the indictment than was necessary, and the attorney for the Commonwealth, instead of stating the *intent*, has alleged the actual commission of the ulterior felony in the house broken and entered, :as a substitute for the usual averment of the intent ,to commit the particular felony, which certainly should :not vitiate the indictment; for the commission of the 'felony, where one is actually committed, is the very ,:best evidence of the intent to commit it, and this ac- ·cords with the general doctrine on the question."

Where the breaking with the intent to steal is shown the offense is complete, but the Legislature saw fit to .add to the statute, "or shall feloniously take therefrom," not as establishing the breaking, but as showing the felonious intent. The statutory offense is the breaking with the intent to steal, or the breaking followed by a stealing, which evidences the felonious intent merely, and which may, therefore, be charged in the indictment. The words of the statute "with intent to steal, or shall feloniously take therefrom," relate ·to the offense of breaking the store-house merely, and

both the intent and the stealing evidencing it may, therefore, be charged in an indictment under this statute. While, therefore, the court did not err in overruling the demurrer, yet when it came to instruct the jury, it, owing doubtless to the press of business and consequent haste which often attends the trial court, fell into an inconsistency, and, in effect, adopted the view contended for by the counsel for the accused as to the indictment. After instructing the jury properly as to the statutory offense charged in the indictment, it then instructed them as to both grand and petit larceny. It thus authorized them, without regard to any house-breaking, to convict the accused of either of these common law offenses, the value of the property stolen being the turning point between them, provided they believed, to the exclusion of a reasonable doubt, that he did the stealing. This error is not cured by the verdict, because of its general character. It is: "We, of the jury, find the defendant guilty as charged in the indictment, and fix his punishment at three years in the penitentiary."

The testimony showed the breaking of the storehouse by some one, and the possession not long after by the accused of some of the stolen property. The jury may, upon the evidence and under the instructions, have found the accused guilty of breaking the house with the felonious intent, or they may have found him guilty of grand larceny without regard to any breaking of the house. Whether the one or the other it is impossible to tell from the verdict. The punishment for each offense is the same by our law. They were told by the instructions that they could do

either, and were, therefore, instructed that they could convict the accused of grand larceny when he was not charged with such an offense. While the verdict is "guilty as charged in the indictment," yet, taking the court's instructions, the jury were bound to believe that he was charged with both house-breaking and larceny, and that they had a right to convict him of either, and it can not be told from the verdict which has been done. Error in instructions leading to such a result can in no possible view be regarded as cured by the verdict. Such uncertainty can not be permitted in the administration of criminal law.

Judgment reversed, and cause remanded for a new trial.