## Little v. Commonwealth.

(Decided January 14, 1913.)

### Appeal from Leslie Circuit Court.

1. Burglary—Offenses—Character of Building—Indictment.—Where, in a prosecution for burglary, or housebreaking, the indictment, covers a charge under either of two sections of the statutes, the court did not err in holding indictment drawn under Sec. 1164 Ky. Stats., as the evidence is not clear whether the building, from which the stolen articles were taken, was so used as to be regarded as an outbuilding belonging to the dwelling.

2. Burglary—Offenses.—The felonious breaking into a building or other enclosures being the gravamen of the offense of housebreaking, must be alleged in the indictment and proved.

3. Burglary—Trial—Evidence—Weight and Sufficiency.—Upon a trial upon the charge of burglary, there being a total absence of proof showing a felonious breaking on the part of the accused, the question of his guilt was improperly submitted to the jury.

J. B. MINIARD, for appellant.

JAMES GARNETT, Attorney-General, and O. S. HOGAN, Assistant Attorney-General, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Lee Little was indicted in the Leslie circuit court for house-breaking. He was tried, found guilty, and given

an indeterminate sentence of from one to five years confinement in the penitentiary. To reverse that verdict and judgment, he prosecutes this appeal, and relies primarily upon the fact that the evidence failed to establish his guilt.

It is not altogether clear whether the indictment is drawn under section 1162 or 1164 of the statutes, but the trial court was evidently of opinion that it was under section 1164, for the judgment imposed the punishment provided by 1164, to-wit: confinement in the penitentiary from one to five years; whereas, the punishment under section 1162 is from two to ten years. The offense committed is described in the indictment in the following words: "The said Lee Little on the 8th of May, 1912, in the county aforesaid, did unlawfully, wilfully, feloniously and forcibly break and enter the warehouse of Jordon Brock, for the purpose of, and did take, steal and carry away therefrom corn and other wares and things of value, not his own, intending thereby to permanently deprive said Brock of the possession thereof. Said warehouse being used as a stable or barn and as a place to keep corn and other wares and things of value by said Brock, and was situated on the farm and lands then occupied by him and near his house." From the statement in the indictment that the warehouse was used as a stable or barn and was situated near the dwelling house of the owner, it would appear that it was to be treated as an out-house belonging to and used with the dwelling house, although the building, from which it was charged the property was taken, is, in the earlier part of the indictment, described as a warehouse. The language used, when taken as a whole, is, in this particular, broad enough to cover a charge under either section of the statutes. As it is not clear from the evidence whether the building, from which the property is alleged to have been taken, was so used as to be regarded as an out-house belonging to or used with the dwelling, the court did not err in holding that the indictment was drawn under section 1164.

The gravamen of the offense is, not the stealing of the corn, but the breaking of the warehouse for the purpose of stealing. In Webb v. Commonwealth, 87 Ky., 129, it was expressly held that, in order to constitute an offense under this section of the statute there must be a breaking. In that case the indictment did not charge a breaking. A conviction was had, and upon consideration

here that judgment was reversed upon the ground that it was not charged that there was a breaking. The breaking, therefore, with the intent to steal, take, or destroy, goods of value, is an essential ingredient of the offense; and, being an essential ingredient, it is necessary not only that the indictment allege that there was a breaking with such intent, but such allegation must be supported by evidence.

We have carefully read the record in this case, and fail to find any evidence introduced by the Commonwealth to support the allegation that the defendant broke into the warehouse or place where the corn was kept. Indeed, there is no evidence whatever to show how the entrance was made, or whether the warehouse, or barn, in which the corn was stored, was enclosed at all. There is abundant evidence upon which the jury would have been warranted in finding that the corn, which the prosecuting witness lost, was found in the possession of appellant, but this proof is not sufficient to sustain a verdict of guilty under section 1164; for, although appellant stole the corn, unless there was a breaking into the building, with the intent to steal, carry away, or destroy, this corn, he would only be guilty of grand or petit larceny, dependent upon the value of the corn stolen, and not of house-breaking. Section 1194 and subsequent sections of the statutes fix the penalty for grand and petit larceny, and are made to cover cases where one is guilty of theft, accomplished without a felonious breaking into the building from which the goods are stolen. It is not necessary to allege or prove a felonious breaking to secure a conviction upon a charge of larceny.

Since the breaking was the gravamen of the offense described by section 1164, it was incumbent upon the Commonwealth to show a felonious breaking, and because of the failure of the evidence to establish this fact, the judgment is reversed and cause remanded for a new trial consistent with this opinion.