## Drury v. Commonwealth.

(Decided January 13, 1915.)

## Appeal from Daviess Circuit Court.

1.  Indictment—Indictment Under Section 1164, Kentucky Statutes.— An indictment under Section 1164 of the Kentucky Statutes, which charges in both the accusatory and in the descriptive portions of the indictment, that the accused "feloniously broke and entered a store-house and did feloniously take and steal therefrom articles of value, the property of another person," does not charge but one offense, and is not vitiated for duplicity.
2.  Intoxicating Liquors—Retail Liquor House.—A "retail liquor house" wherein a saloon is conducted is a store-house within the meaning of Section 1164, Kentucky Statutes.
3.  Indictment.—An indictment which, in the accusatory part of it, charged the accused with the offense of feloniously breaking and entering into a house of another with intent to steal therefrom, and in the descriptive portion of the indictment alleged that the offense was committed by feloniously breaking and entering into a retail liquor house, wherein a saloon was conducted, with felonious intent to steal therefrom articles of value, is an indictment for violation of Section 1164 of the Kentucky Statutes, and is sufficient upon demurrer, being certain as to the offense charged.
4.  Indictment—To Determine Certainty of Offense Charged.—In determining whether an indictment for a statutory offense is direct and certain as to the offense charged, the court will look to the entire indictment.

FLOYD J. LASWELL for appellant.

JAMES GARNETT, Attorney General, C. H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

Under the following indictment the appellant, Will Drury, was indicted and found guilty and sentenced to confinement in the penitentiary for an indeterminate sentence from one to five years, namely:

"The Grand Jurors of Daviess County, in the name and by the authority of the Commonwealth of Kentucky, accuse Will Drury of the crime of wilfully, unlawfully, and feloniously breaking and entering into a house of another with intent to steal therefrom, and unlawfully and feloniously taking and stealing and carrying away therefrom articles of value, the property of another, committed in manner and form as follows, to-wit:

"The said Will Drury, in the said County of Daviess, on the ——— day of February, 1914, and before March 17, 1914, and before the finding of this indictment, with force and arms, wilfully, unlawfully, and feloniously did break and enter into a retail liquor house, same being the house in which Drury & Sandefur conduct a saloon, with the felonious intent to take, steal, and carry away therefrom articles of value, and did then and there wilfully, unlawfully, and feloniously take, steal, and carry away therefrom personal property of the value of $———, the property of Drury & Sandefur, with the fraudulent intent then and there to convert same to his own use, and to permanently deprive the owners of said property, of their property rights therein, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

The appellant was twice put upon trial under this indictment, the first trial resulting in a disagreement of the jury, and the last trial in his conviction as aforesaid. The appellant upon his trial entered a general demurrer to the indictment, which was overruled, and he also, upon the conclusion of all of the evidence in the case, moved the court to peremptorily instruct the jury to find him not guilty, which was also overruled.

The appellant filed grounds for a new trial, and moved the court to set aside the verdict of the jury, which motion was overruled, and he appeals to this court.

The objection urged to the indictment is that it charges the appellant with the commission of two offenses. If this objection were true it would be fatal to the indictment. It is insisted for him that the indictment charges him with a crime denounced by Section 1162 of the Kentucky Statutes and also a crime denounced by Section 1164 of said statutes. The trial court was of the opinion that it was an indictment under Section 1164, and in this opinion we concur. In the case of Farris v. Commonwealth of Kentucky (90 Ky., 637), the indictment charged the accused with the offense of not only breaking into a store house with the intent to steal, but also averred that the accused did take, steal and carry away from said store house things of value. The objection was made in that case that the indictment described two offenses with which it charged the accused. This court, however, held in that case that said indict-

ment charged him with only one offense. The court in the case, *supra,* used this language:

"The gravamen of the offense denounced by the statute is the breaking into the store house with a felonious purpose. This being so, the indictment may properly charge not only that the breaking was with the intent to steal, but that the party did steal property therefrom. The stealing shows the intent of the breaking into the house. It is the very best evidence of it, and if it can be proved under an averment of a breaking with intent to steal, we fail to see why it cannot be charged in.the indictment without rendering it liable to the charge of duplicity."

In the same case the court further said: "The words of the statute, 'with intent to steal or shall feloniously take therefrom,' relate to the offense of breaking the store house merely, and both the intent and the stealing evidencing it may therefore be charged in an indictment under the statute."

In the case of Olive v. Commonwealth of Kentucky (5 Bush, 376), where the indictment was for burglary, instead of averring that the breaking was done with the intent to commit a felony by stealing, it went further and alleged that the accused actually did steal from the house, which he was charged with breaking, and the court in that case held that that additional allegation did not vitiate the indictment. This court, in considering that case, said: "In this case more is charged in the indictment than was necessary, and the attorney for the State, instead of stating the intent, has alleged the actual commission of the ulterior felony in the house broken and entered, as a substitute for the usual averment of the intent to commit the particular felony, which certainly did not vitiate the indictment; for the commission of the felony is the very best evidence of the intent to commit it, and this accords with the general doctrine on the question." While in this case it would be sufficient in the accusative part of the indictment to charge that the defendant feloniously broke into the store house with the intent to steal therefrom, the additional allegation that he did feloniously steal therefrom articles of value, does not create any duplicity in the indictment and does not vitiate it. Neither do the allegations in the descriptive portion of the indictment, which charge that the accused did feloniously take, steal, and carry away articles of value from said saloon, giving the name

of the owner of the property, create any duplicity in the indictment or vitiate it. While an indictment under Section 1162 of the Kentucky Statutes, charging the feloniously breaking and entering of a dwelling house, it would be necessary to allege that the accused, in addition to the intent to steal, with which he broke and entered the dwelling house, did actually steal and take therefrom articles of value, but under Section 1164, under an indictment for the breaking and entering a store house with the intent to steal, it would be unnecessary to allege that the accused did actually steal and carry away things, but such allegations would only be surplusage, and would not vitiate the indictment.

Another objection alleged to the indictment is that in the accusatory part of the indictment the appellant is accused of the crime of "wilfully, unlawfully and feloniously breaking and entering into a *house* of another, with intent to steal therefrom and did unlawfully take, steal and carry away therefrom articles of value, the property of another," and it is insisted that this is a charge of being guilty of an offense against Section 1162 of the statutes, and not an offense under Section 1164 of said statutes, while the descriptive portion of said indictment describes an offense against Section 1164 of said statutes. A reference to Section 1162 shows that no such an offense is described in said section, as of feloniously breaking or entering into a *house* or feloniously taking away anything of value; it is only by breaking and entering into a dwelling house whereby said section may be violated. While it is true that in Section 1164 there is no crime denounced against any breaking into a house, except it be a warehouse or store house, but taking the indictment as a whole, it comes up fully to all of the requirements of Section 124 of the Criminal Code, which provides that the indictment must be direct and certain as regards the party charged, the offense charged, the county in which the offense was committed, and the particular circumstances of the offense charged. The descriptive portion of the indictment contains the allegation that the breaking and entering mentioned in the accusative portion of the indictment was into a "retail liquor house, the same being the house in which Drury & Sandefur conducted a saloon." While the provisions of Section 124 of the Criminal Code provides that the indictment shall be direct and certain in the four particulars mentioned, it does not require that they shall

be contained in the accusatory part of the indictment alone.

In the case of Commonwealth of Kentucky v. Drewry (126 Ky., 183), this language was used by the court: "It is to the descriptive part of the indictment that we look for information concerning the offense charged; hence it is necessary that more care should be used in describing the offense in the body of the indictment than in the accusatory part."

In the case of Commonwealth of Kentucky v. Schatzman (118 Ky., 624), this court said: "The rule is that where the indictment is for a statutory offense, it is sufficient, if, in the accusative part, the offense is designated, being a brief general description in the language of the statute, sufficient to apprise a person of ordinary understanding with what is meant."

In the case of Overstreet v. Commonwealth of Kentucky (147 Ky., 471) the accusative part of the indictment charged the accused with the crime of arson, and in the descriptive portion of the indictment, in describing the offense committed, alleged that it was committed by burning a store house. It was held in that case that the indictment was sufficient upon which to sustain the conviction for the crime of burning a store house, denounced by Section 1169 of the Kentucky Statutes. The court, in its opinion in that case, used the following language: "Nor will any difference between the accusative part of the indictment and the body or the descriptive part of it, that is not so substantial as to be misleading, be fatal to the sufficiency of the pleading. In other words, in considering the sufficiency of an indictment it will be read and considered as a whole. If, when so read and considered, it substantially conforms to the requirements of the code in respect to the matters therein pointed out as material and necessary, it will be a good indictment."

The fact that the indictment in this case in the accusative part of it uses the word *house* instead of *store house* does not make it bad, as the other things stated in the indictment, when it is taken as a whole, describe the house broken into as a retail liquor house, and in which a saloon was then conducted by parties whose names are given, makes the offense charged in the indictment direct and certain, and all of the indictment taken together contains allegations which are sufficient to advise

a person of ordinary understanding of the complete nature of the offense charged against him.

A retail liquor house, in which a saloon is conducted, is a store house, within the meaning of Section 1164 of the Kentucky Statutes. For these reasons the trial court did not err in overruling the appellant's general demurrer to the indictment.

The appellant, however, seriously insists that there is no evidence conducing to show that the saloon of Drury & Sandefur was broken and entered, as alleged in the indictment, and in support of his contention cites cases of Little v. Commonwealth of Kentucky (151 Ky., 520); Smith v. Commonwealth of Ky. (128 S. W., 68); and Webb v. Commonwealth of Kentucky (87 Ky., 129). These cases, however, do not seem to bear out the contentions of the counsel for the appellant.

In the case of Webb v. Commonwealth of Kentucky, *supra*, the indictment failed to charge any breaking whatever into any house, and in the other two cases cited there was no evidence conducing to show that any breaking had occurred, which is the gravamen of the offense. In the case at bar, however, the proof very abundantly shows that the house in question was both broken and entered into. It is proven, and not contradicted, that a wire screen, which was nailed over a window in the building, was torn away sufficiently so as to admit the body of a person desiring to enter, and a back door, which was fastened with a prop, and also with a lock, was broken open, and was standing open several inches when Sandefur, who had last closed up his saloon, returned to it about two o'clock in the afternoon. It was also proven, and not contradicted, that eight quart bottles containing Hill & Hill whisky and a half of a case of Gold Blume beer, twenty bottles, had been taken from the saloon, which shows very conclusively that the saloon had been broken and entered into with the intent to steal by some one.

As to the instructions given to the jury by the court, the counsel for appellant does not find any fault with them, and we observe none.

The two grounds urged by the appellant for the reversal of this case, because the court did not instruct the jury to find him not guilty, and because there was not sufficient evidence to authorize the jury to find him guilty, and to sustain the verdict of the jury, we will consider together, and a short statement of the evidence will be

necessary for that consideration. The proof conduces to show the following facts: That Drury & Sandefur conducted a saloon in Owensboro, Kentucky, in a house in which was kept whisky and beer for sale, and that on a Sunday, and the same day that there were some bicycle races took place upon the river front, at Owensboro, the appellant had just arrived in the town from some point, and was around and about the saloon of Drury & Sandefur near eleven o'clock, A. M., when Sandefur closed and locked up his saloon and went away, and did not return until about two o'clock in the afternoon, when he discovered the evidences of the saloon having been broken and entered and the goods stolen, as above stated. While it is true that no one saw appellant break or enter the saloon, but between about half after eleven and twelve o'clock of the same day, and directly after Sandefur had left the saloon, the appellant was seen with Hill & Hill whisky, contained in bottles so labeled and the same character of bottles as had been taken from the saloon on that day. There was further evidence by several other witnesses that on that day, and after eleven o'clock A. M., the appellant was seen in possession of bottles of Hill & Hill whisky, and also of Gold Blume beer. The appellant had lived in Owensboro previous to that time, and was well acquainted in the town, and in his testimony he accounted for the possession of the Hill & Hill whisky by stating that he had bought the whisky from Sandefur in his saloon on that day, and denied having any beer in his possession on that day. He claimed that he bought the whisky, which was in his possession on that day from Sandefur, in his saloon, in the presence of his brother and two other witnesses, neither of whom he had caused to be subpoenaed to testify for him, although this was his second trial of this case, and said witnesses were then in Owensboro. Sandefur denied selling any whisky or beer to appellant on that day, and appellant made no other contention as to how he had come into possession of the whisky, except by a purchase from Sandefur. The evidence was sufficient to authorize the court to submit the question of the guilt of appellant to the jury. The jury was properly instructed, and was the judge of the credibility of the witnesses. We cannot say that the evidence was insufficient to authorize the verdict. It seems that appellant had a fair trial, and no error to the prejudice of his substantial rights was committed, and the judgment of the circuit court is, therefore, affirmed.