## Southern Express Company v. Commonwealth.

(Decided November 16, 1917.)

### Appeal from McLean Circuit Court.

1. Criminal Law—Pleading—Sufficiency.—A mere technical objection to a petition, in a penal action, arising from the fact, that the pleader, by mere mistake, left out of a sentence a word, but the context shows fully what the word was, and the court can with certainty supply it, will not make the petition fatally defective on demurrer, where there are other allegations in the petition equivalent in meaning to the one made defective by the omission of the word, and the accused could not be deceived or misled as to the offense charged, and the court could not be, in doubt, as to the rendition of judgment.

2. Intoxicating Liquors—Transportation—Evidence.—In prosecutions for violations of subsection 2, of section 2569b, Kentucky Statutes, against an express company for the wrongful delivery of spirituous liquors, in a local option territory, the same evidence relied upon to prove that the express company knew that the statement on the package, that the contents were for the personal use of the consignee, was false, may, also, prove that the statement was false, in fact.

3. Intoxicating Liquors—Transportation—Evidence.—In prosecutions under subsection 2, of section 2569b, Kentucky Statutes, against an express company, it is not necessary to support the information or indictment, that it be proven that the agent of the express company, delivering a package, in territory, where the sale of spirituous liquors is prohibited by law, had actual or personal knowledge of the falsity of the statement upon the package, that it was for the personal use of the consignee, but it is sufficient, if it is proven, that the agent had such information as would put a person of ordinary prudence on notice, that the statement was false.

JOE H. MILLER for appellant.

CHARLES H. MORRIS, Attorney General, and HENRY F. TUR-NER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

On the 5th day of March, 1917, the Commonwealth's attorney, in whose district the county of McLean is situated, instituted this penal action, in the name of the Commonwealth of Kentucky, against the appellant, Southern Express Company, and sought to recover a judgment against it for a fine of two hundred dollars, for a violation of subsection 2, of section 2569b, Kentucky Statutes. The appellant was duly summoned and entered a plea of not guilty to the charge in the petition.

A trial before the court and jury resulted in a verdict of guilty, by the jury, and a fixing of the punishment, at a fine of two hundred dollars, and judgment was rendered accordingly.

The appellant's motion for a new trial being overruled, it appealed from the judgment of the circuit court to this court, and seeks a reversal of the judgment for four reasons:

(1) The court erred in overruling its demurrer to the petition.

(2) The court erred in overruling its motion for a directed verdict.

(3) The court erred in instructing the jury.

(4) The court erred to its prejudice in the admission of testimony over its objection, and in the rejection of testimony, which it offered.

(a) The petition substantially alleges, that the appellant is a corporation, created under the laws of Tennessee, and authorized to do a business, as a common carrier of express, and that on the —— day of January, 1917, and during the entire year previous thereto, it was engaged as a common carrier, in the transportation of goods, wares and merchandise, within this state, and that on the above mentioned date, while so engaged in its business of carrying and transporting goods, wares and merchandise, it unlawfully transported and delivered to one J. H. Kingsley, in McLean county, a package containing whiskey, and that upon the package the statement was made that the liquor contained in it was for personal and family use of the said Kingsley; that said statement was false, in that the liquor contained in the package was not intended for the personal or family use of Kingsley, but was intended by him for the purpose of sale, in violation of the local option law, and that the appellant knew, at the time it transported and delivered the said liquor to Kingsley, that the statement upon the package, that the liquor was for the personal and family use of Kingsley, was false, and that Kingsley intended to sell the liquor, in violation of the local option law in force in the county of McLean, and that, at the time it so transported and delivered the liquor to Kingsley, the local option law was in force and effect in that county, and that the appellant did the things charged against the peace and dignity of the Commonwealth of Kentucky, and contrary to the statutes upon that subject. The demurrer to the petition is insisted upon, because the petition after charg-

ing that when the liquors were delivered to Kingsley, that he intended to sell them in violation of the local option law, then in force in the county of McLean, added the following allegation:

"And at the time it did so transport and deliver said liquor to Kingsley, the local option law, prohibiting the sale of spirituous, vinous and malt . . . were in force and effect in McLean county, Kentucky."

The ground relied upon for the demurrer is, that the draftsman of the petition, by oversight, left out of it the word "liquors" just after the word "malt," in the above quotation from the petition, and that by reason of the omission of such word, that the petition failed to state one of the necessary ingredients of the offense charged, and that was, that the sale of spirituous, vinous and malt liquor, as a beverage, was prohibited by law in the county. It is true, that the allegation, that the sale of spirituous, vinous and malt liquors was prohibited by law in the county, where the delivery was made, is a necessary and essential allegation in the petition to constitute the offense of a violation of the statute, *supra*. The act of March 9, 1914, of which subsection 2, of section 2569b, *supra,* is a part, is in the nature of an act amendatory of the act of March 10, 1894, ordinarily called the Local Option Law, and section 2557b, subsection 1, Kentucky Statutes, provides, that in an indictment for a violation of any act amendatory thereof, it is sufficient to allege, that the acts charged were committed in a territory where the said act was in force, "and in said indictment it shall be sufficient to designate said act as the Local Option Law." Where the local option law is in force, the sale as a beverage of spirituous, vinous and malt liquor is prohibited, and the allegation that the local option law was in force, was the equivalent to alleging that the sale of spirituous, vinous and malt liquors was prohibited by law, and, hence, in the instant case, while technically it would have been correct to have alleged, that in McLean county, the sale as a beverage of spirituous, vinous and malt liquors was prohibited, it was sufficient for the pleader to allege that at the time of the delivery of the liquor charged in the petition, the local option law was then in force in the county, where, it was alleged the delivery took place, and the addition of the words in the petition, following the word "law," "prohibiting the sale of spirituous, vinous and malt" added nothing to the allegation already made, that the local option law was in full force

and effect in the county. Adams Express Co. v. Com., 174 Ky. 296. Even, if it were necessary, that the petition should contain the words ''prohibiting the sale of spirituous, vinous and malt liquors,'' in the light of all the other allegations of the petition, it would be a very strained construction, which would require the petition to be held insufficient, because the pleader had, by oversight, omitted the word ''liquors,'' when the context fully and completely shows the omission and enables the court to supply it. It is apparent, that the accused could not be misled or deceived, as to what offense was charged, and neither could the court be in doubt, when it came to pronounce a judgment. Adams Express Company v. Com., 174 Ky. 296; Overstreet. v. Com., 147 Ky. 471; Drury v. Com., 162 Ky. 123; Com. v. McGary, 158 Ky. 570. Hence, the court was not in error in overruling the demurrer.

(b) The complaint that the court should have sustained a motion for a directed verdict, in behalf of appellant, is not tenable. Three things, in addition to the venue, are necessary to sustain the prosecution: (1) The statement on the package, that the liquor contained in it is for the personal or family use of the consignee, is false; (2) the agent of the appellant, who delivered the package to the consignee, knew that the statement was false; (3) the sale of spirituous liquor in the county of McLean was prohibited by law. The last essential ingredient was agreed upon by the parties, and the record made to show, that the plaintiff and defendant agreed, that the local option law was in full force and effect in the county and had been at all times for twelve months preceding the filing of the petition. The same evidence, which may be used to show that the appellant knew, that the statement upon the package, that its contents were for the personal or family use of the consignee, to be false, may, also, be sufficient to prove that the statement was in fact false and untrue. In Adams Express Co. v. Com., 174 Ky. 302, where an indictment, for a violation of the same statute for which this penal action was brought, was under consideration, the court, in defining the knowledge necessary on the part of appellant's agent, that the statement on the package was false, said:

''It is not, however, necessary that the agent should have actual or personal knowledge that the statement was false. The word 'knowing' in the statute means having such information as would put a person of ordinary prudence on notice that the statement was false.''

In American Express Co. v. Com., 171 Ky. 9, the court used the following language:

"The purpose was not to make the agent of the company a detective to pry into and inquire about the contemplated use to which every package of liquor, which came through his office, was to be put, but it was intended only, that the carrier should be liable, if its agent should have such knowledge or be in possession of such information as would cause a prudent person to believe that the liquors were intended for sale, contrary to law."

The word "knowing," as used in the statute, was given the same meaning, as in Adams Express Co. v. Com., 174 Ky. 302, in Goodman v. Com., 169 Ky. 542. In the instant case, it was proven that Kingsley, the consignee of the liquors, was engaged in the operation of a "soft drink joint" in the town of Livermore, and that he received a gallon package of whiskey five or six, or more, times a week, and sometimes would receive as many as two packages, containing a gallon each, upon the same day. The general reputation of Kingsley among the citizens of the town of Livermore, was that he was a "bootlegger," and engaged in the sale of whiskey illegally. The agent of appellant was told by the police judge of the town and by its marshall, that Kingsley was engaged in selling whiskey, contrary to law; and it was, furthermore, proven, that the agent had made the statement to the marshal of the town, that Kingsley was a "bootlegger," and inquired of the marshal, why he did not suppress the illegal traffic. It was, furthermore, shown that warrants of arrest had been issued against Kingsley, upon the charge of selling liquor and having same in his possession for the purpose of sale, and that on one occasion, when he was tried in the police court, the agent of appellant was present, as a witness, and upon this occasion he was convicted of the offense charged in the two warrants. It was, however, shown, that the agent, thereafter, received information, that the two convictions in the police court were appealed by Kingsley to the circuit court, where, upon a trial of the offenses, he was acquitted. This court has held, in numerous cases, where parties had been convicted of the offense of having in their possession spirituous liquors for the purpose of sale, in local option territory, that the receipt by the accused of numerous packages of liquor, through the medium of the express companies, was sufficient evidence to take the cases to the jury, upon the question of the intent of the accused in receiving the liquors, and in hav-

ing them in his possession. In the instant case, the evidence was entirely sufficient, both of the falsity of the statement on the package, in fact; and that the agent of the company had information from his knowledge of the receipt of the numerous packages of liquor by Kingsley and of other information, which he was proven to have received, amply sufficient to put a person of ordinary prudence on notice, that the statement on the packages, that it was for the personal or family use of Kingsley, was false, to require the submission of the cause to the jury.

(c) The objection made to instruction number 1 is, that the court failed to submit to the jury for its decision the question, as to whether or not the sale, as a beverage, of spirituous, vinous and malt liquors was prohibited by law in McLean county, and to require the jury to find such to be the fact before it should return a verdict of conviction against the appellant. This objection to the instruction is entirely obviated by the agreement upon the record, that the local option law was in force in the county, and by it the sale, as a beverage, of spirituous, vinous and malt liquors was prohibited.

(d) The appellant, after it was proven, that its agent was present at two trials of Kingsley, in the police court, on the 24th day of June, 1916, when Kingsley was convicted of the offense of having spirituous liquor in his possession for the purpose of a sale, in local option territory, offered to introduce, in evidence, the records of the circuit court, which showed the appeal from the two judgments, of the police court, to the circuit court, and a trial of Kingsley, in one of the cases, which resulted in his acquittal, and the dismissal of the other case by the Commonwealth's attorney. The court refused to admit the records, as evidence, and of this the appellant complains. The records of the police court showing the conviction of Kingsley were not in evidence, and the evidence touching the presence of appellant's agent at these trials was admissible, only, for the purpose of showing, so far as it did show, that the agent had notice that the liquor was not intended for personal use, and this court held in the case of Adams Express Co. v. Com., 174 Ky. 302, that such evidence was competent for that purpose, without the introduction of the record. The evidence was only introduced for the purpose of showing, that the agent had information, that Kingsley had been convicted of the offense of having liquor in his possession for sale, and therefore had notice that the statement upon the

package of liquor consigned to Kingsley was false. The court properly holding that such was the only purpose for which the evidence was admissible, held that it was permissible to show by the agent, that he, thereafter, had information, that the judgments against Kingsley were reversed upon appeal. The actual state of the records showing that the judgments of the police court were reversed, would not rebut the proof of the information received by the agent at the trials, that Kingsley was engaged in the sale of liquors, illegally, because it does not appear that the agent ever saw or received any information from the records, but his information, as to the result of those trials was competent, as effecting any belief he may have had as to Kingsley being engaged in the traffic, and this he was permitted to testify to. In Adams Express Co. v. Com., *supra,* it was said:

"In a prosecution for a violation of this statute, it is permissible for the Commonwealth to show by every relevant and pertinent circumstance, within its reach, that the agent, who delivered the liquor, had information before doing so, sufficient to put a person of ordinary prudence on notice, that the liquor was not intended for personal use, notwithstanding the declaration on the package, that it was. For example, it would be competent to show that the agent had been informed, within a reasonable time before the delivery complained of, that the consignee was a 'bootlegger,' or that he was engaged in an unlawful traffic in intoxicating liquors, or that his reputation was that of a 'bootlegger,' or that he had been arrested and convicted for violation of the liquor laws. And for the same purpose it would be competent to show the number of packages of liquor received by the consignee and the quantity in each. . . ."

The Commonwealth was permitted to prove, that on the 16th day of July, 1916, Kingsley was tried in the police court on a charge of making an illegal sale of liquor, and upon a plea of guilty, was convicted and fine assessed, but it was not proved, that the agent of appellant ever had any information of this circumstance. The appellant complains of the failure of the court to exclude this testimony from the consideration of the jury, upon its asking, as a prejudicial error. The court should have excluded the testimony in regard to this conviction, because it would not be competent evidence, by which to prove that the statement, upon the package delivered to Kingsley, was false, since the appellant was not a party to the action in which Kingsley was convicted.

It shed no light upon the issue, as to the knowledge that the agent had of the falsity of the statement upon the package, without proof that the agent had knowledge of this conviction previous to the delivery of the package containing liquor to Kingsley. A conviction, however, of appellant could not be had, under the instructions of the court, unless its agent knew, that the statement upon the package, to the effect that the liquor was for the personal or family use of the consignee, was false, that is, that the agent had such information as would put a person of ordinary prudence on notice, that the statement was false. There were many other facts and circumstances in the evidence sufficient to fully sustain a verdict to the effect, that Kingsley was procuring the whiskey for the purpose of selling it, in violation of the prohibitory law, in force in the county, and while the admission of the proof of his conviction for the illegal sale of the liquor was improperly admitted, when not accompanied by proof, that the agent of appellant had information of the conviction, American Express Co. v. Com., 171 Ky. 1, in the light of all the facts and circumstances properly in evidence, in the case, it does not appear, that the exclusion of the proof of Kingsley's conviction could have affected the verdict, and was therefore not prejudicial to appellant's substantial rights.

The judgment is therefore affirmed.