## Chambers v. Commonwealth.

(Decided October 2, 1923.)

### Appeal from Madison Circuit Court.

1. Criminal Law—Circumstantial Evidence to Support Conviction.— The rule that a conviction may be had upon circumstantial evidence alone is subject to the qualification that if the evidence be as consistent with defendant's innocence as with his guilt, it is insufficient to support a conviction.

2. Larceny—Circumstantial Evidence Held Insufficient to Support Conviction.—In prosecution for petit larceny of corn from unlocked crib, mere evidence that a memorandum book was found lying on

the floor of the crib containing the memorandum "Brother John J. Chambers, $1," apparently in defendant's handwriting, the said John J. Chambers, held insufficient to support a conviction, the evidence being as consistent with innocence as with guilt.

C. C. WALLACE for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The appellant, John J. Chambers, was tried and convicted of petit larceny and his punishment fixed at twelve months' imprisonment in the county jail.

The evidence is to the effect that the prosecuting witness had an unlocked crib on his farm, containing seven or eight barrels of corn in bulk. One morning he discovered that about a barrel of corn had been taken therefrom. He also found a small memorandum book lying on the floor of the crib. The only distinguishing mark upon this book was a single entry which read, "Brother John J. Chambers, $1.00."

Some admittedly genuine signatures of appellant were introduced and there was evidence to the effect that the handwriting in the book corresponded with these. No other evidence was introduced tending in the remotest degree to connect the defendant with the offense. He denied committing the offense, or being connected with it in any way. He also denied ownership of the book; denied that he had written the entry mentioned or that he had any knowledge of either it or the book.

"The rule that a conviction in a criminal case may be had upon circumstantial evidence alone is subject to the qualification that if the evidence be as consistent with defendant's innocence as with his guilt, it is insufficient to support a conviction." Mullins v. Commonwealth, 196 Ky. 687, and cases cited. The same rule is stated in different in form in 8 R. C. L, section 222, and 16 C. J., section 1568.

It will be observed that the only evidence tending to connect defendant with the commission of the offense is the book containing the memorandum, "Brother John J. Chambers, $1.00," apparently in defendant's handwriting. This could be considered as indicating his own-

ership and possession of the book in question, and if it established this fact it could be deduced logically that he lost the book, and therefore had been at the place where it was found. This reasoning is consistent with his guilt.

On the other hand, the memorandum indicates that John J. Chambers had either subscribed or paid $1.00 to some undisclosed undertaking. If such was the fact it would seem more natural for the one to whom he had made the payment or subscription to have possession of the book than for him to have been carrying it. In the ordinary course of business one does not refer to himself as "brother" and the entry itself indicates that its reference was to another than the bearer. At least the inference is as strong that a third party so held the book with this memorandum, whether charge or credit, as it is that he was so doing. If carried by a third party the logical conclusion is that it was lost by him, and this being the only evidence connecting the appellant with the offense it follows that such evidence is as consistent with his innocence as with his guilt, and therefore was not sufficient to support his conviction.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.