# Young v. Commonwealth.

(Decided Sept. 30, 1932.)

DENNY P. SMITH and SMITH & McKENZIE for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

Appellant is appealing from a judgment of the Christian circuit court, convicting him of the crime of breaking into the storehouse of another with intent to steal and for which offense his punishment was fixed at confinement in the penitentiary for a period of one year.

The record shows that the warehouse with which the defendant is charged with having feloniously broken into and entered for the purpose of stealing tobacco therefrom, between the dates of February 1 and February 3, 1931, is a tobacco barn owned by the prosecuting witness, W. L. Powell, and situated upon a field of his farm about midway between the Greenville pike,

upon which it fronts, and a rough, practically abandoned old dirt road, running along the rear of said field.

This rear dirt road extends from the farm of Jesse Wright, by the farm and tobacco barn of the defendant Young, and then along the back of Powell's farm out to the Greenville pike, with which it unites.

The evidence further shows that on the Sunday afternoon of February 1, W. L. Powell visited his barn and inspected his tobacco, which was bulked therein, and that, upon leaving the same, he closed and fastened its front door with a pole, or stick, at the top and a piece of iron at the bottom. Not until the following Tuesday did he return to the barn, when he found the front door still closed and fastened as when left; that is, it was still shut, with the pole resting against the top of the door, though the piece of iron at the bottom, he noticed, had been moved. Upon entering the barn and making an inspection of its contents, Mr. Powell found that about a hundred pounds, or some $16 worth, of tobacco had been removed therefrom at some time since he was there on the preceding Sunday. Upon discovering the theft, he, with his neighbors, made an examination of the premises with a view of ascertaining how and by whom his tobacco had been stolen.

These parties, becoming commonwealth witnesses on the trial of the defendant, testified that they found the stolen tobacco had been removed by the thief through the back door of the barn and carried across the field to a wagon supposed to have been left waiting upon the rear road; that foot tracks were found across the field between the back door of the barn and this dirt road, which indicated, they state, that two trips had been made by the thief between the rear road and the barn in carrying away this tobacco, dropped leaves of which were found here and there along the course of the foot tracks. Fresh wagon tracks were found in the road nearly opposite the rear of the barn, which led from such point back to the defendant's own tobacco barn, not far distant.

Mr. Powell, the prosecuting witness, in his testimony made no reference to his barn having also a back door, nor did he, nor any witness, testify anything whatsoever as to whether or not such back door had been left open or closed by him, upon the Sunday of

February 1, when last there, before he discovered the loss of his tobacco therefrom on February 3.

There is no evidence that any tracks were found about the prosecuting witness' front door of the barn, nor any indications that it had been broken into, except that the iron piece left Sunday at the bottom of the door had been somewhat moved by some one at some time during the interim.

The defendant in testifying as a witness in his own behalf states that he hauled some seven or eight hundred pounds of his own tobacco from his own tobacco barn over this old dirt road on the early morning of February 3 to the Hopkinsville loose-leaf floor, where he sold same. He further states that a Mr. Martin spent the preceding Monday night with him and also accompanied him on this trip made in hauling off his tobacco to Hopkinsville. In this he is supported by the testimony of the said Martin, who states that he made such trip with the defendant and that they traveled the old road back of Mr. Powell's farm to its junction with the Greenville pike and thence on into Hopkinsville, but that no stop was made by them, or either of them, they each testify, at the Powell farm, nor did they go upon the farm or enter or break into his tobacco barn, or take any tobacco therefrom.

Some eight or nine months after the alleged commission of this storehouse-breaking offense, the defendant was indicted by the grand jury of the Christian circuit court, and charged with commiting the offense, on the ———— day of February, 1931, of feloniously breaking into the tobacco barn of J. L. Powell, "with the felonious and fraudulent intent to take, steal and carry away certain amount of tobacco" therein then stored.

Upon the submission of this case to the jury, the defendant was found guilty of the alleged storehouse breaking and his punishment fixed at one year's confinement in the penitentiary.

Defendant's motion and grounds for a new trial being overruled, he prosecutes this appeal, seeking a reversal of the judgment.

By his motion and grounds, the defendant complains: (1) That the court erred in overruling his motion for a peremptory instruction made at the close of

the commonwealth's evidence and renewed at the close of all the proof; (2) that the court erred in refusing to give the said peremptory instruction because the case was one of circumstantial evidence alone and the proof insufficient to sustain the verdict of the jury; and (3) that the court erred, after permitting the case to go to the jury, in refusing to give it an instruction on petit larceny, because the breaking was not shown beyond a reasonable doubt and the tobacco alleged to have been stolen was worth less than $20.

Other objections made in the motion and grounds for reversal of the judgment rendered by the lower court, but not discussed or argued in brief of counsel, we will treat as waived.

We will now consider and dispose of the objections urged for reversal, in the reverse order in which offered.

We will first address ourselves to the defendant's complaint that the court should have incorporated in its instructions given the jury upon the housebreaking charge also an instruction on petit larceny, as being a lesser degree of the housebreaking offense charge. We deem this objection to be without merit, for the reason that the offense of larceny is not embraced or included as a lesser degree, or any degree, of the offense of housebreaking, as provided in section 1164 of the Kentucky Statutes, upon which the indictment under which defendant was here tried was based.

It has frequently been declared in the decisions of this court that the gravamen of this housebreaking offense, defined and provided by the statute supra, consists of the breaking into a storehouse with the felonious intent to steal therefrom, but the act of stealing or carrying away articles stored therein is not, by the statute, made for the purpose of charging the additional offense of larceny to have been also committed, but as showing by such "taking away" the felonious intent of the one breaking into and entering the storehouse for the purpose of stealing therefrom.

This question was considered in the case of Little v. Commonwealth, 151 Ky. 520, 152 S. W. 569, 570, where, in the course of the court's opinion, this language was used:

"The gravamen of the offense is, not the steal-

ing of the corn, but the breaking of the warehouse for the purpose of stealing.''

And again this court in Thomas v. Commonwealth, 150 Ky. 374, 150 S. W. 376, 378, in considering an indictment for feloniously breaking into a dwelling house with the intent to steal and where, under an instruction of the court, the jury was permitted to find the defendant guilty of grand larceny, held that the instruction in so permitting the jury to find was erroneous and thus declared the rule to be:

"However, the instruction given, which authorized the jury to find him guilty of grand larceny, was improper, as neither grand nor petit larceny are degrees of the crime of house breaking, whether the house broken into be a dwelling house or storehouse. Therefore, the provisions of section 262, Criminal Code, which declares that, 'upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment,' do not apply. By subsection 5 of section 263, Criminal Code, housebreaking is made a degree of the crime of burglary, but neither section 263 nor any of its subsections make larceny a degree of the offense of housebreaking." See, also, Drury v. Commonwealth, 162 Ky. 123, 172 S. W. 94; Farris v. Commonwealth, 90 Ky. 637, 14 S. W. 681, 12 Ky. Law Rep. 592; Webb v. Commonwealth, 87 Ky. 129, 7 S. W. 899, 9 Ky. Law Rep. 1007.

We are further of the opinion that the court was correct in its refusal to give the requested instruction for the further reason that ''instructions should, as a rule, be based upon such facts only as must be found by the jury, in order to establish the guilt of the accused or make out his defense, and leave to the jury to decide how far the evidence establishes those facts.'' Hobson's Instructions to Juries, p. 799; Coffman v. Commonwealth, 10 Bush, 496; Brady v. Commonwealth, 11 Bush, 282. Thus, as the fact of stealing the tobacco was not a constituent part of the storehouse breaking charge, the court properly refused the petit larceny instruction.

From this it follows that the complaint of defend-

ant that the court erred in failing to give the jury a further instruction upon the separate offense of petit larceny was not in accord with the legal principles announced supra and was properly overruled.

The appellant next complains that the court erred in refusing to give a peremptory instruction because the case was one of circumstantial evidence alone and that the court erred in failing to instruct the jury as to the weight to be given circumstantial evidence. First considering the latter part of this objection complaining of the court's failure to instruct the jury as to the weight it should give the circumstantial evidence, we conceive this objection as being also entirely without merit, as this question has been clearly and distinctly decided by this court adversely to the contention thus made by appellant. In the case of Smith v. Commonwealth, 140 Ky. 599, 131 S. W. 499, 501, the court said:

"It is further urged as error that the court did not properly instruct the jury upon the subject of circumstantial evidence. But this objection is not well taken. * * * A conviction may be had upon circumstantial evidence alone. * * * And when the evidence is partly or altogether circumstantial, the court should not give an instruction upon the subject of circumstantial evidence, leaving it to the jury to give it such weight as they consider it entitled to."

Also see Smith v. Commonwealth, 140 Ky. 599, 131 S. W. 499; King v. Commonwealth, 143 Ky. 127, 136 S. W. 147; Wendling v. Commonwealth, 143 Ky. 587, 137 S. W. 205; Peters v. Commonwealth, 154 Ky. 689, 159 S. W. 531; Mobley v. Commonwealth, 190 Ky. 424, 227 S. W. 584; Bowling v. Commonwealth, 193 Ky. 647, 237 S. W. 381; Daniels v. Commonwealth, 194 Ky. 513, 240 S. W. 67; Marcum v. Commonwealth, 212 Ky. 212, 278 S. W. 611.

We will now consider the final complaint made by the defendant in seeking a reversal of the judgment upon the ground that the court erred in refusing to give a peremptory instruction of acquittal because of the commonwealth's failure to prove his felonious breaking of the Powell barn charged, and for the further reason that the case rested on circumstantial evidence alone and the proof was insufficient to sustain the

verdict of guilty; that is, the evidence was not sufficient to take the case to the jury or to sustain a verdict of guilty if found thereon.

As this court, since the 1910 amendment of section 281 of the Criminal Code of Practice, has assumed jurisdiction in a criminal case, where the verdict was so flagrantly and manifestly against the evidence as to indicate passion and prejudice on the part of the jury, our inquiry must now be directed to the matter of whether or not the evidence introduced by the commonwealth was so lacking in probative character and quality as to indicate that the jury's verdict of guilty thereon was influenced by passion and prejudice or that the verdict of guilty, resting entirely upon circumstantial evidence, should be set aside as not sustained by sufficient proof.

As to the latter objection, it is sufficient to say that this court has repeatedly held that while a conviction may be had upon circumstantial evidence alone, when it is of such force as to reasonably exclude every reasonable hypothesis of the defendant's innocence, such rule is yet subject to the qualification that if the evidence be as consistent with the defendant's innocence as with his guilt, it is insufficient to support a conviction. Chambers v. Commonwealth, 200 Ky. 295, 254 S. W. 906; Mullins v. Commonwealth, 196 Ky. 687, 245 S. W. 285; Daniels v. Commonwealth, 194 Ky. 513, 240 S. W. 67; Hill v. Commonwealth, 191 Ky. 477, 230 S. W. 910; Denton v. Commonwealth, 188 Ky. 30, 221 S. W. 202; 16 C. J. 763, sec. 1568; 8 R. C. L. 225, sec. 222.

We are of the opinion that the evidence introduced by the commonwealth for the purpose of showing the breaking into the Powell barn by defendant as charged by the indictment is entirely insufficient to establish defendant's guilt thereof and, as said above, was as consistent with defendant's innocence as with his guilt of this charge.

It may be conceded that evidence was introduced by the commonwealth which could have been considered by the jury as tending to show the defendant guilty of stealing Mr. Powell's tobacco from his warehouse or barn upon the occasion in evidence, but the defendant in the present case was not being tried for the offense of larceny under the indictment based on section 1164

of the Kentucky Statutes, but for the offense only of warehouse breaking as therein defined and provided for.

The testimony of the commonwealth's witnesses is to the effect that after the discovery on February 3 of the removal by some one of Mr. Powell's tobacco from the barn, tracks were found leading from its back door to the back road, along and over which road defendant admits he carried off a load of his own tobacco on the early morning of February 3, and that fresh wagon tracks were also found from the rear of Mr. Powell's barn field leading to the defendant's barn. Whatever the effect such evidence might have in a prosecution for larceny, it does not tend to show a breaking by the defendant into Mr. Powell's barn, the offense with which he is here charged and being tried.

No one testified to seeing the defendant about the barn of Mr. Powell during the period intervening between Mr. Powell's closing the front door of his barn on Sunday afternoon and his later discovery on the following Tuesday of the loss of his tobacco therefrom.

Mr. Powell, the prosecuting witness, only testifies as to the breaking into his barn, and his testimony as to this is confined to the one statement that upon visiting his barn on Tuesday he discovered some of his tobacco had been removed therefrom since the preceding Sunday, and that at such time he found the front door of his barn, through which he testified the breaking in had occurred, still closed with the pole propped against it, though the piece of iron left resting at the bottom of the door had been moved.

It is not shown that the thief, whoever he was, entered the barn through this front door, or that any breaking whatever into the barn had really taken place, inasmuch as it developed in the proof that the barn had a back door, facing upon the old dirt road, through which all the commonwealth witnesses testified the stolen tobacco was carried out of the barn by the thief.

The prosecuting witness, Mr. Powell, when asked, "This person who came from the other road across there, which door did he go in?" answered, "He went to the back door."

The evidence thus shows without contradiction that the barn had two doors through which a felonious

entry into it might have been effected, but fails to show what was the condition of the second or back door during this period between February 1 and 3 in which it was alleged the defendant feloniously broke into this barn, whether left open or shut, or whether the one entering the barn to steal the tobacco did not come in through an open rear door.

Mr. Powell, the owner of the barn, knew that his barn was equipped with two doors and in what condition he left them both, whether opened or closed, when he left his barn Sunday afternoon. Notwithstanding Mr. Powell was thus in a position to tell whether he left his barn closed on Sunday afternoon through having closed both its doors, yet he failed to mention anything whatever as to the condition in which he left the back door, and this is the door through which all the witnesses state the thief upon the occasion in question carried away Mr. Powell's tobacco.

We are therefore constrained to conclude that the commonwealth has failed to introduce evidence sufficient to sustain defendant's conviction of the one offense upon which he was on trial of breaking into this barn, when it has utterly failed to show that the barn was left in such a closed condition by Mr. Powell that it was necessary for the defendant, or any one else, to have broken the front door thereto in order to enter and carry away the tobacco as charged.

It follows, therefore, that the court erred in overruling appellant's motion for a peremptory instruction of acquittal, and if the evidence should be substantially the same on another trial, the court should sustain the motion if again made. Wherefore, the judgment is reversed, with directions to grant a new trial and for proceedings consistent herewith.