CASE 57.—PROSECUTION AGAINST SARAH STEELEY FOR
MANSLAUGHTER.—September 30.

# Steeley v. Commonwealth

Appeal from Whitley Circuit Court.

W. L. BROWN, Special Judge.

## Defendant convicted and appeals—Reversed.

1. Indictme it and Information—Parties to Offenses—Principals—
   Aiders and Abettors.—One indicted as principal may be
   convicted on a showing that he was present at the time of
   the commission of the offense, counseling, aiding, or assist-
   ing the perpetrator thereof.
2. Criminal Law—Trial—Instructions—Applicability to Evidence.
   —No instruction based on any theory not supported by the
   evidence or on a theory opposed to the evidence, should be
   given.
3. Same.—Where accused was charged with killing decedent by
   cutting him, and the proof showed that the cutting was done
   by her son, instructions based on the idea that she did the
   cutting should not be given.
4. Homicide—Instructions—Self-Defense.—Where decedent struck
   accused, knocking her down, and she called to her son to
   cut decedent, exclaiming that she was killed, and the son
   did so, the court should have instructed that if the son cut
   decedent, from which wound he died, and accused, his mother,
   was advising the said son so to do, yet if at the time either
   the accused or her son had reasonable grounds to believe,
   and in good faith did believe, that decedent was then and
   there about to take her life, or inflict great bodily harm, the
   son had the right to use any means at his command that
   were necessary, or to him apparently necessary to protect
   the accused, and the accused under such circumstances had
   the right to advise her son so to do, and was not guilty on
   the ground of self-defense.
5. Same—Evidence—Degrees of Homicide.—Where the jury be-

Steeley v. Commonwealth.

lieve beyond a reasonable doubt that accused has been proven guilty of a homicide, and they entertain a doubt as to the degree of guilt, they must give her the benefit of the doubt, and find her guilty of manslaughter.

R. S. ROSE and J. K. WATKINS for appellant.

The appellant contends:—

1. That peremptory instructions should have been given by the court to find the appellant not guilty.

2. That improper and inconsistent instructions were given by the court.

3. That the court failed to give the whole law of the case.

### AUTHORITIES CITED.

Philpot v. Com., 6 S. W., 455; Toliver v. Com., 47 S. W., 1082; Short v. Com., 4 S. W., 810; Williams v. Com., 73 S. W., 134; 5 S. W. 46; 72 S. W. 89; Wright v. Com., 2 S. W., 904-908; Estepp v. Com., 4 S. W., 320; Bledse v. Com., 7 S. W., 884; Baker v. Com., 19 S. W., 975; Crim. Code, 340; Barnett v. Com., 84 Ky., 449; Haney v. Com., 5 Ky. Law Rep., 203; Amos v. Com., 16 Ky. Law Rep., 258; Gatliff v. Com., 107 S. W., 739; Ayers v. Com., decided Mar. 11, 1908; Keeton v. Com., 107 S. W.,——; Wagoner v. Com., 107 S. W. ——; Farris v. Com., 77 Ky., 362; Allen v. Com., 6 S. W., 645; Wilcoxin v. Com., 23 S. W., 195; Cox v. Com., 69 S. W., 799; Akin v. Com., 68 S. W., 849; Starr v. Com., 30 S. W., 397.

JAMES BREATHITT, Atty. Genl. and TOM B. McGREGOR, Asst. Atty. Genl. for appellee.

Appellee contends:

1. That no error was committed by the court in failing to give peremptory instructions to find the appellant not guilty.

2. That the court below gave the law of the case.

3. That the appellant had a fair and impartial trial and that no error was committed below that would justify a reversal by this court.

### AUTHORITIES CITED.

Roberson's Criminal Law, 78; Gaskins v. Commonwealth, 17 Ky. Law Rep., 352; Benge v. Commonwealth, 92 Ky., 1; Young v. Commonwealth, 8 Bush, 366; Travis v. Commonwealth, 98

Ky., 77; Evans v. Commonwealth, 11 Ky. Law Rep., 574; 1
Bishop's Criminal Law, 7 Ed., sec. 648; Commonwealth v. Murphy, 35 Ky. Law Rep., 141; Bast v. Commonwealth, 30 Ky. Law Rep., 967; Roberson's Criminal Law, 166.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Appellant and her son Granville Steeley, were indicted for the murder of Martin B. Snyder. She demanded and was given a separate trial. The jury having found her guilty and fixed her punishment at five years'. confinement in the penitentiary, she appeals, and seeks to reverse the judgment predicated on that verdict on several grounds, the principal of which, however, is that the court did not properly instruct the jury.

The facts in the case, as developed by the testimony of both the Commonwealth and the accused show that on the night of the 3d of July, 1908, appellant was living with her husband and two sons, about 12 and 16 years of age, respectively, in a small cottage on the bank of the river in the town of Williamsburg. Her husband was not at home on that night, and a short time before midnight the deceased, accompanied by some six or eight of his gentlemen friends, took a 16-gallon keg of beer to the home of appellant for the purpose of drinking it. The keg was placed in the middle room on the floor, and tapped. Deceased and his friends and appellant and her son Granville all engaged in drinking. While the drinking was in progress, the deceased, Granville Steeley, and others of the men assembled were shooting dice on the floor by the light of a small lamp.. Later in the night, sometime between 1 and 2 o'clock, the crowd had become somewhat boisterous, and appellant ordered them

from the house.  Deceased took offense at being
ordered from the house, and threatened to take the
lamp, which was the only light, away with him.  This
threat on his part brought on a wordy war between
himself and appellant, in which she several times
ordered him from the house.  The lamp was taken
from the floor by some one, and, in being lifted up,
went out.  In the meantime appellant had gotten pos-
session of an ax, and was approaching deceased in
a threatening manner with it, when one of her guests
caught hold of the ax so as to prevent her from using
it, and, while he was so holding the ax, deceased
struck appellant over the shoulder and neck with the
lamp.  This blow at least staggered appellant, and,
according to the weight of the testimony, which sup-
ports her contention, knocked her down.  She immedi-
ately exclaimed that she was killed, and called to her
son to cut deceased, and he was stabbed twice.  Just
when this cutting was done or whether in the house
or outside, is not clear, for it was dark in the house
at the time, and no witness saw deceased cut, though
Granville Steeley testified that he cut him when de-
ceased attacked his mother.  From the effects of these
wounds there inflicted upon deceased he died two
days later.

For appellant it is urged that, as the Common-
wealth utterly failed to show that she cut or stabbed
deceased, the jury should have been peremptorily in-
structed to find for her at the conclusion of the Com-
monwealth's testimony, and certainly it should have
been so instructed at the conclusion of all of the
testimony when it had been clearly established that
the cutting was done by Granville Steeley.  This con-
tention is without merit, however, for it has been
expressly decided that, although one is indicted as a

principal, he may be convicted on the showing that he was committing, counseling, aiding, advising, or assisting the real perpetrator thereof. In the case of Evans v. Commonwealth, 12 S. W. 768, 769, 11 Ky. Law Rep. 573, the appellant was jointly indicted with others charged with the crime of house burning. The lower court instructed the jury that if the burning was done by either of the persons indicted with appellant and he was present aiding or abetting, they should convict him, and in passing upon the correctness of this instruction upon review here this court said: "The indictment charges the accused with the burning. It does not speak of aiding or abetting. If, however, the torch was applied by a codefendant of the accused, and he was then present, aiding and abetting, he was under our law a principal, and the indictment, therefore, authorized such an instruction." And in the more recent case of Reed v. Commonwealth, 100 S. W. 856, 30 Ky. Law Rep. 1212, the same principle was approved in a most elaborate and exhaustive opinion by Judge Settle.

The objection to the instructions given is well taken. The instructions in every case should present the law of the case as warranted by the particular facts proven. No instruction should be given based upon any theory which is not supported by some evidence, and certainly an instruction should not be given upon any theory where all of the evidence in the case tends to show that the converse is true. In the case at bar appellant was charged with having cut and stabbed deceased, from the effects of which he died. There was not a particle of proof offered which tended to show that she did so; on the contrary, there was positive proof offered which tended to show that the cutting was done by her son. No instruction, therefore,

should have been given based upon the idea that she herself did the cutting; hence instructions 1 and 3 are superfluous.

The instruction on self-defense is also objectionable, in that it fails to submit to the jury the idea that if at the time he did the cutting Granville Steeley believed, and had reasonable grounds to believe, that either he or his mother were in danger of suffering death or some great bodily harm at the hands of deceased, then he had the right to use such means as seemed necessary under the circumstances, as they appeared to him, to repel such threatened bodily harm or danger to himself or his mother. Certainly, if the conduct of deceased at that time was such as to justify Granville Steeley in the belief that deceased was then about to inflict upon his mother or himself great bodily harm, he should go acquit on the ground of self-defense, and, if Granville Steeley is justified and excused for cutting deceased, appellant should likewise be excused for having been present urging and advising him to do so. Upon a retrial of the case, if the evidence introduced is substantially the same as that offered upon the last trial, the court will give the following instructions:

"(1) If you believe from the evidence beyond a reasonable doubt that Granville Steeley, in Whitley county, Ky., before the finding of the indictment herein, willfully, feloniously, and with malice aforethought, and not in the necessary, or to him apparently necessary, defense of himself or his mother, with a knife or dirk, a deadly weapon, cut, stabbed, and wounded one Martin B. Snyder, from the effects of which cutting, stabbing, and wounding the said Snyder then and there presently died, and if you further believe from the evidence beyond a reasonable

doubt that at the time he did so the defendant Sarah Steeley was then and there present, willfully, feloniously, and with malice aforethought, and not in her necessary or to her apparently necessary, self-defense, counseling and advising the said Granville Steeley to do said cutting, stabbing, and wounding, or aiding or assisting the said Granville Steely in doing said cutting, stabbing, and wounding, then, in that event, you should find the said Sarah Steeley guilty, as charged in the indictment, and fix her punishment at confinement in the State penitentiary for life, or at death, in your discretion.

"(2) If you believe from the evidence in this case beyond a reasonable doubt that Granville Steeley, in Whitley county, Ky., and before the finding of the indictment herein, did unlawfully, willfully, feloniously in sudden affray, or in sudden heat of passion, without previous malice, and not in the necessary, or to him apparently necessary, defense of himself or his mother, cut, stabbed, and wounded Martin B. Snyder with a dirk or knife, a deadly weapon, from which cutting, stabbing, and wounding the said Snyder then and there presently died, and if you shall further believe from the evidence beyond a reasonable doubt that at the time the said Granville Steeley so cut, stabbed, and wounded the said Martin B. Snyder the said Sarah Steeley was then and there present, unlawfully, willfully, feloniously in sudden affray, or in sudden heat of passion, and not in her necessary, or to her apparently necessary, self-defense, counseling and advising the said Granville Steeley to do the said cutting, stabbing, and wounding, or aiding or assisting the said Granville Steeley in doing said cutting, stabbing, and wounding, then you should find the said Sarah Steeley guilty of voluntary man-

slaughter, and fix her punishment at confinement in the State penitentiary for any length of time not less than two years nor more than twenty-one years, in your discretion.

"(3) Although you may believe from the evidence beyond a reasonable doubt that the defendant Sarah Steeley has been proven guilty, yet, if you entertain a doubt as to the degree of her guilt, you should give her the benefit of the doubt, and find her guilty of voluntary manslaughter, as defined in instruction No. 2.

"(4) Although you may believe from the evidence beyond a reasonable doubt that Granville Steeley cut stabbed, and wounded Martin B. Snyder, from which cutting, stabbing, and wounding he then and there presently died, and that the defendant Sarah Steeley was then and there present, aiding, advising, and counseling the said Granville Steeley to cut, stab, and wound the said Snyder, yet, if you shall further believe from the evidence that at the time the said Granville Steeley so cut, stabbed, and wounded the said Snyder, either the defendant, Sarah Steeley, or her son, Granville Steeley, had reasonable grounds to believe, and in good faith did believe, that the said Snyder was then and there about to take her life or inflict upon her some great bodily harm, then the said Granville Steeley had the right to use any means at his command that were necessary, or to him apparently necessary, to protect the life of defendant Sarah Steeley, or to ward off the then impending, or to him apparently impending, danger, then the defendant, Sarah Steeley, under such circumstances had the right to advise and counsel her son Granville Steely to do so, and you should find the defendant Sarah Steeley

'not guilty' on the ground of self defense and apparent necessity.

"(5) If, upon the whole case, you entertain a reasonable doubt as to whether or not the defendant has been proven guilty, you should find her 'not guilty.'"

Certain other objections are made by counsel for appellant in their brief; but, as these questions cannot arise on another trial, we deem it unnecessary to consider them.

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.