## Johnson v. Commonwealth.

(Decided April 22, 1924.)

### Appeal from Pike Circuit Court.

1.  Intoxicating Liquors—Instruction Permitting Conviction for Operating Moonshine Still Held Erroneous.—In a prosecution for unlawfully manufacturing intoxicating liquors, court erred in permitting conviction upon finding that defendant "operated a moonshine still" or "engaged in the manufacture of whiskey;" defendant not being indicted for operating a still, and operating a still being unknown, as an offense, to the laws of the state, under Acts 1922, chapter 33, sections 1, 4, 22.

2.  Criminal Law—Instruction Permitting Conviction for Operating Moonshine Still Held Prejudicial.—In prosecution for unlawfully manufacturing intoxicating liquors, an instruction permitting conviction if jury found defendant had operated a moonshine still, held prejudicial, in view of the evidence.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

An indictment was returned in the Pike circuit court February 21, 1923, against the appellant, Toddy Johnson, in which it was charged that he did on February 19, 1923, in Pike county:

> "Unlawfully manufacture, possess, sell, barter and give away to divers persons, whose names, number and identity are to the grand jury unknown; and keep for sale and transport from place to place spirituous, vinous, malt and intoxicating liquors, other than for sacramental, medicinal, scientific or mechanical purposes, against the peace and dignity of the Commonwealth of Kentucky."

Upon appearing for trial the appellant entered a demurrer to the indictment and, at the same time, a motion that the trial court require the Commonwealth to elect for which one of the several offenses charged in the indictment it would try him, and to dismiss the prosecution as to the others. For some reason unexplained by the record the court overruled the appellant's demurrer, but sustained his motion to require of the Commonwealth the election demanded. Whereupon it elected to try the appellant for the offense of unlawfully manufacturing intoxicating liquors, which is one of the several charges in the indictment. The trial resulted in a verdict finding the appellant guilty and fixing his punishment at a fine of $200.00 and confinement of sixty days in jail. He was refused a new trial and has appealed.

Among the several grounds urged by the appellant for the reversal of the judgment of conviction is one complaining of error committed by the trial court in instructing the jury on the law of the case. This error, it is insisted, is contained in instruction number 1, given by the jury, by which they were told that if they believed from the evidence to the exclusion of a reasonable doubt the defendant in Pike county and within twelve months before the finding of the indictment, "operated a moonshine still, or engaged in the manufacture of whiskey," they should find him guilty as charged in the indictment and fix his punishment as further on in the instruction directed. The error in the instruction is patent, as it authorized the jury to convict the appellant for operating a still, an act for which he was not indicted and which, even if committed by him, is unknown as an offense to the laws of this state.

Chapter 33, section 1, Acts General Assembly, 1922, commonly known as the Prohibition Enforcement Statute, defines the offense of manufacturing intoxicating liquor and prescribes the penalty therefor. Section 4 of the act makes it an offense for any person to "buy, bargain, sell, loan, own, have in possession or knowingly transport an illicit still," and prescribes a penalty for the commission of any of the offenses thus denounced; and section 22 of the same act declares unlawful the "manufacture or sale of any apparatus designed for the manufacture of intoxicating liquor" without complying with the preceding requirements of that section as to procuring license, etc., and prescribes a penalty for violating its provisions. But nowhere in the act is it declared a dis-

tinct offense to "operate a still" or to "operate a moonshine still," or a penalty provided for its commission as such.

We have heretofore found it necessary to declare that "operating a moonshine still" or to "operate a still" is not an offense under the statute, *supra*. Spriggs v. Commonwealth, 200 Ky. 559; Johnson v. Commonwealth, 201 Ky. 163. It goes without saying that the instruction referred to must have been prejudicial to the substantial rights of the appellant. While there was no proof whatever that the appellant was discovered at the work of manufacturing intoxicating liquor, there was some evidence from two witnesses that they saw a man they believed to be the appellant in the woods at a distance of 150 yards, transporting on his back what they took to be a still, though only one of the witnesses seemed confident of his identity, and while the testimony of these witnsses was contradicted by the appellant, it can readily be seen that the jury might have regarded this evidence sufficient, under the instruction of the court, to find him guilty of operating a moonshine still, as therein erroneously authorized. As there will doubtless be another trial of the case, we express no opinion as to whether the evidence relied· on to prove the appellant's guilt of the offense of manufacturing intoxicating liquor was sufficient to require the submission of the case to the jury on that charge.

For the reasons indicated the judgment 'is reversed and cause remanded for a new trial not inconsistent with the opinion.