## Scalf v. Commonwealth.

(Decided March 1, 1929.)

J. LEONARD DAVIS for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCAND-LESS—Affirming.

Lee Scalf was convicted of the crime of breaking a storehouse, and sentenced to five years in the state penitentiary. He appeals.

It is first claimed that the indictment is duplicitous by charging both housebreaking and larceny. It reads:

"The grand jury of the county of Harlan, in the name and by the authority of the Commonwealth of Kentucky accuse Lee Scalf of the crime of unlawfully and feloniously breaking and entering into a

storehouse of another, with intent to steal therefrom and unlawfully and feloniously taking, stealing and carrying away therefrom articles of value, the property of another, committed and form as follows, to wit: The said Lee Scalf in the said county of Harlan, on the 27th day of August A. D. 1928, and before the finding of this indictment, with force and arms, unlawfully and feloniously did break and enter into a storehouse of Midland store with felonious intent to take, steal and carry away therefrom articles of value, and did then and there unlawfully and feloniously take, steal and carry away therefrom articles of the value of $350.00 dollars. The property of Midland stores with the fraudulent intent then and there to convert the same to his own use, and to permanently deprive the said owner of its property therein, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky.''

The criticism has thus been answered: ''Under section 1164, the gravamen of the offense being the felonious breaking with the intent to steal, the indictment may properly charge that the breaking was with the intent to steal, but that the party actually did steal property. The stealing shows the intent of the breaking. It is the very best evidence of it. . . . Thus an indictment for 'feloniously breaking a storehouse with intent to steal, and stealing articles of value therefrom,' charges but a single offense, although it alleges both a breaking with intent to steal and an actual stealing.'' Roberson's Criminal Law, sec. 664.

And also: ''In the case of Farris v. Commonwealth of Kentucky (90 Ky. 637, [14 S. W. 681, 12 Ky. Law Rep. 592]) the indictment charged the accused with the offense of not only breaking into a storehouse with the intent to steal, but also averred that the accused did take, steal and carry away from said storehouse things of value. The objection was made in that case that the indictment described two offenses with which it charged the accused. This court, however, held in that case that said indictment charged him with only one offense.'' Drury v. Com., 162 Ky. 123, 172 S. W. 94.

It is next urged that the indictment fails to allege the ownership of the store or describe the property taken. We think the allegation of ownership sufficient and do not deem it essential to describe the character of the goods taken, as the gravamen of the offense is the unlawful breaking with the intent to steal.

The next insistence is that incompetent evidence was admitted over appellant's objection, and this necessitates a statement of fact.

B. F. Adams, manager of the Midland Store, testified that the store was broken into on the night of June 26th; the entrance was from the back door, which had been securely fastened and locked the evening before. There were taken from the store a number of shirts, pants, underwear, hats, shoes, and jewelry estimated at the value of $350. Later, acting under a search warrant, the premises of Milt Taylor were searched, and various goods of the above description bearing the Midland Store mark were found and identified as coming from the store. Milt Taylor testified that Lee Scalf brought a suitcase and traveling bag to his house containing a number of new shirts, which he never counted, and other articles, including two hats.

Mrs. Milt Taylor testified that Scalf came to her house with a suitcase and traveling bag, which she identified at the trial. The suitcase when opened at Taylor's was found to contain three pairs of pants, one pair of new tan slippers, seven or eight ties, three or four new suits of underwear, seven pairs of new socks, and thirteen new shirts, all of which were identified as being goods from the Midland Store. The hat defendant was wearing at the time he was arrested was also identified as being from the Midland Store. The defendant testified he had purchased the hat mentioned at the Midland Store, and had ordered the other articles from a department store, but was unable to say when or how, except that his brother Dillard Scalf had ordered them the summer before. He denied breaking in the store or stealing therefrom.

The alleged incompetent evidence was: On direct examination Mr. Adams, the store manager, after testifying the store was broken, was asked: "Q. Tell where it was broken into. A. It was at the back door, it had been broken into previous." Objection was made and overruled. We cannot see how appellant was prejudiced by the answer. Witness merely stated that the store was

broken into prior to the breaking for which he was being prosecuted, and no effort was made to connect him with any former breaking or to go into the details of that transaction.

The deputy sheriff who arrested Scalf identified a hat which was produced in evidence as being the one Scalf was wearing at the time he arrested him. He was asked:

"Where did you see that hat? A. He had it on Sunday.

"Q. Who did? A. Lee Scalf. When I had him arrested he fired on me and I fell. (Objection to this answer sustained.)

"Q. Tell how you got hold of that hat? A. He fired on me and he ran and his hat fell off his head and I fired on him as he broke and run, and I kept the hat."

It is urged that this evidence of another crime and erroneously prejudicial. But the sheriff was simply nar- rating what occurred when he arrested defendant, on the charge in this indictment, and how he procured the hat in question. We think this admissible. The common- wealth on its direct examination introduced testimony tending to show the number of new articles found in ap- pellant's suitcase. Defendant denied possession of more than a limited number of these articles. On surrebuttal several commonwealth witnesses stated that no one else had access to the suitcase but appellant. We think this competent as showing that the goods were not placed therein by other parties. Several witnesses were intro- duced to show that appellant was of bad moral character. Objection was made to the first of these, but none there- after. Perhaps after the court had ruled on the charac- ter of the evidence it was not necessary for the defendant to renew his objection to each succeeding witness, and it, was the duty of the court, upon such objection being made, to admonish the jury as to the purpose of this evi- dence, and he erroneously failed to do this. But in view of all the facts in the case we do not think a failure to so admonish the jury could have affected the verdict, there- fore such failure was not prejudicial. Davidson v. Com., 204 Ky. 414, 264 S. W. 1051.

The defendant testified that he did not know the pro- secution had been assigned for trial until the day of the trial, and it is argued that no counsel was appointed for him until a calling of the case. In this he is contradicted

by the record. The order of court shows that he was brought into court seven or eight days previously and the case assigned in his presence and hearing. Nor does it appear that appellant was prejudiced by being rushed into trial, as he does not show that he could have fared better by having a postponement of his case. At any rate, as he did not ask such postponement, he cannot complain. Lastly, it is urged that the commonwealth's attorney was guilty of misconduct in his closing argument wherein he said, "I never in all my life had thirteen new shirts at one time." It is urged that this remark was very prejudicial, as this young man should have more shirts than an old man of 60 years. We hardly think appellant's counsel is in earnest in insisting that his client was prejudiced by such a trivial remark.

On the whole case, seeing no prejudicial error, the judgment is affirmed.