## Childers v. Commonwealth.

Dec. 5, 1941.

Ollie James Cockrell for appellant.

Hubert Meredith, Attorney General, and Vincent Goodlett for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, Cecil Childers, was jointly indicted with Granville Sewell, Willie Hughes and Tom Sewell for the murder of Jesse Napier and, on a separate trial,

was convicted of voluntary manslaughter and sentenced to ten years in the penitentiary. Upon this appeal from that judgment is it contended 1) that the verdict was flagrantly against the evidence, 2) that a new trial should have been granted upon the ground of newly discovered evidence and 3) that the instructions were erroneous.

Since we have concluded the judgment must be reversed for error in the instructions it becomes unnecessary to discuss the first two grounds for reversal since the evidence will apparently be somewhat different on the next trial. It also becomes unnecessary to state the evidence in any great detail.

The appellant and those indicted with him were engaged in hauling logs with two trucks. The deceased, on the day he was killed, was drunk and had an altercation with Granville Sewell which resulted in a fist fight. After this fight appellant and those in his party proceeded to a distance of some miles and loaded the trucks with logs. While they were gone deceased armed himself with a shotgun and there is evidence as to numerous threats against appellant and members of his party. On the return trip with the logs appellant and members of his party were notified that the deceased was lying in wait for them with a shotgun. Appellant thereupon stopped the truck on which he was riding and procured a shotgun which was placed on the logs on the rear truck on which he and Granville Sewell were riding. After the shotgun was procured the return trip with the trucks proceeded and the deceased was met on the road. Evidence for the Commonwealth was to the effect that appellant shot the deceased while his back was turned, but the weight of the evidence is to the effect that the deceased opened fire on the first truck whereupon Granville Sewell, from the rear truck, fired the shotgun at the deceased, inflicting injuries which resulted in his death.

By the instructions the jury were authorized to convict the appellant if he fired the shot that killed the deceased or if he aided and abetted Granville Sewell in so doing. Granville Sewell, as well as all others present except one witness, testified that the shooting was done by Sewell so it is most likely that the appellant was convicted under the aiding and abetting instruction.

It is insisted that the instructions were erroneous in permitting a conviction of appellant if he aided and

abetted Sewell in shooting the deceased because there was no evidence whatever as to aiding and abetting. However, since the appellant testified that he and Sewell left the truck on which they were riding and procured the shotgun with which deceased was killed, we think there was sufficient evidence to support the aiding and abetting instruction even though the evidence was silent as to any actual acts of aiding and abetting at the immediate time of the killing. Appellant was present at the time of the killing and his previous action of securing the gun with which to shoot the deceased was an act continuing down to the time of the actual shooting.

Instruction No. IV covering the right of the appellant to act in self-defense is complained of. It was as follows:

"If the jury should believe from the evidence that at a time the defendant, Cecil Childers, shot, wounded and killed the deceased Jesse Napier, if he did so do, he believed, or at the time that he aided, abetted, councelled, or encouraged Granville Sewell to do said shooting, if he did either, he the defendant, believed and had reasonable grounds to believe that either he, Granville Sewell, Willie Hughes or Tom Sewell were then and there in immediate danger of death of the infliction of some great bodily harm at the hands of the deceased, Jesse Napier, and that it was necessary or was believed by the defendant, in the exercise of reasonable judgment, to be necessary to so shoot, wound and kill the deceased, Jesse Napier, then you should find the defendant not guilty, on the ground of self-defense or the defense of another and apparent necessity therefor."

The error complained of in this instruction, and which we think is most apparent, is that it denied the appellant's right to aid or abet Granville Sewell in doing the shooting if appellant believed that he or the other members of his party were in danger. Under this instruction, when it is considered in connection with the other instructions, the jury could convict the appellant of aiding and abetting Sewell in the shooting although he believed and had reasonable grounds to believe that such aiding and abetting was necessary to save the life or lives of some one or more in appellant's party. He was given the right to defend himself and the others by

540

actually shooting the deceased but not by aiding and abetting Sewell to do so. This was manifest error since appellant had the same right to aid and abet Sewell in the shooting as he did to do the shooting himself in order to avert the threatened danger to himself and the others. One in danger from an attack has the right to adopt such a course as to him reasonably appears to be necessary to repel it and is not limited in his choice of means to do so. Stanley on Instructions, Section 872; Steeley v. Commonwealth, 129 Ky. 524, 112 S. W. 655; Saylor v. Commonwealth, 210 Ky. 796, 276 S. W. 841.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.