# Macom v. Commonwealth.

April 23, 1946.

Wm. G. Reed, W. C. Edrington and Rollin Gibbs for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellant was convicted of the crime of armed assault with intent to rob, as defined in KRS 433.150, and was sentenced to serve twenty-one years in the State reformatory. The following grounds are urged for reversal of the judgment: The Court erred (1) in overruling appellant's motion for a directed verdict of acquittal; (2) in refusing to permit the jury to visit the scene of the crime; (3) in instructing the jury; and (4) in failing to grant a new trial upon the ground that two members of the jury did not vote for conviction.

Consideration of the first contention calls for a brief resume of the evidence. At about 9:00 o'clock on the

morning of May 6, 1945, a maroon colored Ford automobile, with green fenders, occupied by four men, was parked near a filling station operated by Vernon Dean, seven miles north of Warsaw on U. S. Route No. 42. Two of the occupants entered the filling station and ordered soft drinks. One of them pointed a pistol at Dean, and both robbed the cash register of ration books, ration stamps, and over Two Hundred Dollars in cash. They then tied Mr. Dean to a chair in the kitchen and returned to the automobile. Mr. Dean managed to release himself, and notified police authorities. The automobile and its four occupants were apprehended in Carrollton about thirty minutes after the robbery. Elmer Scharfenberger, Earl Burton, and appellant abandoned the car and attempted to flee in the direction of the Ohio River. The fourth member of the party, Donald Krashey, did not attempt to escape. Appellant was captured while hiding under a brush pile near the river. Some of the ration stamps were found on the ground at the place he was hiding; others were found on his person when he was searched following his arrest. Within a short while Mr. Dean was summoned, and positively identified Scharfenberger as being the person who held the gun upon him; he did not identify appellant until the examining trial, which was conducted two days later, but he was positive in his identification of both men upon appellant's trial. Scharfenberger pleaded guilty and was sentenced to life imprisonment, but testified for appellant.

It is insisted that, because Mr. Dean did not identify appellant until two days after the crime was committed, the Court should have directed a verdict of acquittal at the conclusion of all the evidence. We are not impressed with this contention. When the identification was made, the witness was positive; but, had he failed entirely to identify appellant as the aider of Scharfenberger in the robbery, the circumstantial evidence was sufficient to submit the question of appellant's guilt to the jury.

The second ground equally is without merit. In Cox v. Commonwealth, 251 Ky. 128, 64 S. W. 2d 481, 483, the Court said:

"Whether a jury should be sent to view the premises rests in the sound discretion of the trial court. (Citations follow.)"

The discrepancy in the testimony which appellant sought to clarify by having the jury view the premises was immaterial, and the Court properly refused to require the jury to visit the scene of the crime.

The third ground for reversal is well taken. In the first instruction, the Court said:

"Instruction No. 1

"If the jury believe from the evidence in this case beyond a reasonable doubt that the defendant, William Macom, in Gallatin County, Kentucky, in May, 1945, and before the finding of the indictment herein, did with an offensive weapon, to-wit, a pistol, unlawfully, wilfully and maliciously assault Vernon Dean, or by force and violence did demand money or other property of value of said Vernon Dean with the intent to rob him, the said Dean, then the jury should find the defendant guilty as charged in the indictment and fix his punishment at confinement in the state penitentiary for a period of twenty-one (21) years or for life or by death, in the reasonable discretion of the jury."

There was no evidence that appellant had possession of an offensive weapon; therefore, he could not have been guilty of unlawfully assaulting Mr. Dean with a pistol. He was guilty only of aiding and abetting Scharfenberger in the assault. The instructions in every case should present the law of the case as warranted by the facts proven. The Commonwealth is entitled to have its theory of the case presented by the instructions, but only when its theory is based upon the evidence introduced. The proof for the Commonwealth, as well as for the defendant, shows that Scharfenberger alone was armed with an offensive weapon; and the Commonwealth's testimony shows appellant to be guilty only as an aider and abettor of his principal. In Steely v. Commonwealth, 129 Ky. 524, 112 S. W. 655, the Court gave an instruction authorizing the jury to find the defendant guilty, if they believed she cut and stabbed the deceased, as a result of which he died. The evidence was conclusive of the fact that Mrs. Steely's son did the actual cutting and stabbing, and Mrs. Steely merely was present, aiding and abetting. In that case, the Court likewise gave an instruction on aiding and abetting, although the opinion does not recite that fact. This Court reversed the judgment, because of the error in instructing upon Mrs.

Steely's participation in the affray as a principal. Consonant with the reasoning contained in that opinion, we are constrained to hold that the giving of Instruction No. 1 was erroneous and prejudicial to the substantial rights of appellant. Appellant contends that Instruction No. 2, on aiding and abetting Scharfenberger, was erroneous, but gives no reason for this contention. We have examined the instruction carefully, and conclude that it properly instructed the jury upon the only theory warranted by the Commonwealth's evidence.

Since the case must be reversed for the reason assigned, it is unnecessary for us to discuss the fourth ground urged for reversal.

The judgment is reversed, with directions that appellant be granted a new trial, to be conducted not inconsistent with this opinion.