## Broughton v. Commonwealth.

October 8, 1946.

J. B. Campbell for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellant, indicted jointly with two accomplices, was tried separately, convicted, and sentenced to serve one year in the State Reformatory, on a charge of breaking into a storehouse with intent to steal. As grounds for reversal of the judgment he contends the Court erred, (1) in overruling his demurrer to the indictment; (2) in permitting the introduction of incompetent evidence; (3) in failing to sustain appellant's motion to exclude the evidence of the witness and accomplice, Clifford Hibbard; (4) in not instructing the jury on the legal concept of drunkenness in respect to criminal intent; (5) in overruling his motion for a peremptory instruction; and (6) in giving Instruction No. 1.

The objection to the indictment is that it allegedly charges two offenses; but it does not. It is insisted the indictment contains a charge of storehouse breaking with intent to steal, and a separate charge of grand larceny. The indictment reads:

"Knox Circuit Court
"November Term, 1945

"The Commonwealth of Kentucky against Clifford Hibbard, Ershel Broughton, George McCreary. Indictment

"The Grand Jury of Knox County, in the name and by the authority of the Commonwealth of Kentucky accuse Clifford Hibbard, Ershel Broughton, and George McCreary, of the offense of unlawfully and feloniously, breaking and entering into a store house of another, with intent to steal therefrom, goods, wares and merchandise of value the property of another. Committed in manner and form as follows: viz., the said Clifford Hibbard, Ershel Broughton and George McCreary, on the 12th day of November, 1945, before the finding of this indictment and in the County and State aforesaid; did unlawfully, wilfully and feloniously with force and

arms, break and enter into a store house of the Western Auto Supply Company with the felonious intent to take, steal and carry away therefrom articles and property of value to-wit ten automobile tires of the value of $200.00 a further description of said articles is unknown to the grand jury against the will and without the consent of the owner with the fraudulent (intent) then and there to convert the same to their own use and to permanently deprive the said owner of its property therein. Contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky.

"Witnesses for Commonwealth:

"Bill Cooper, Earl Gilbert, James' Carruth, Frank Smith, Bill Detherage, Willard Kelly

"Victor A. Jordan
"Commonwealth's Attorney Pro-Tem
"34th Judicial District of Kentucky."

We fail to find any words contained in the indictment which, by any stretch of the imagination, can be construed to charge grand larceny.

The evidence appellant alleges was incompetent is that obtained by searching the car owned by appellant without the aid of a search warrant and after appellant had been arrested, charged with the crime, and placed in jail. No objection was made on the trial to the introduction of this evidence; appellant now cannot complain of its incompetency. Smith v. Commonwealth, 283 Ky. 492, 141 S. W. 2d 881.

The contention that Hibbard's testimony should be excluded was based upon the further contention that a confession, which was not used in evidence, was obtained from Hibbard in violation of KRS 422.110, known as the anti-sweating act. This contention is unique, to say the least. Hibbard appeared as a voluntary witness for the Commonwealth, and testified to the same matters which he related in the confession; but the confession was not used; and, even though it be conceded, arguendo, that it was obtained in violation of KRS 422.110, such fact would not render incompetent the testimony of the confessor voluntarily given on the trial.

Whilst appellant testified that he was unconscious from drunkenness until 4:30 o'clock on the morning the crime was committed, he admitted he was in full possession of his faculties from that time on; and the uncontroverted evidence shows the crime to have been committed after 5:00 A. M. Under these circumstances, the Court did not err in failing to instruct the jury that, if they believed from the evidence that at the time the offense was committed, the defendant was so drunk as to have been incapable of having the intention to commit the crime, he should be found not guilty.

Appellant's contention that he was entitled to a directed verdict of acquittal is based upon two grounds: (1) There was a variance in the proof and the charge contained in the indictment; and (2) no evidence was introduced to corroborate the testimony of the accomplice. The indictment charges appellant as principal in breaking the warehouse with the intent to steal therefrom. The evidence for the Commonwealth shows that he did not enter the building or take the merchandise therefrom, but that he aided and abetted his accomplices in so doing by remaining in the automobile, keeping watch, and driving them away from the scene of the crime. In a long line of decisions this Court has held that one indicted as a principal may, under that indictment, be convicted as an aider and abettor of another named in the indictment. Smith v. Commonwealth, 257 Ky. 669, 79 S. W. 2d 20, and cases therein cited. Wherefore, the evidence that he merely aided and abetted others named in the indictment does not constitute a variance in the proof and the charge.

A consideration of the second ground urged in support of the contention that appellant was entitled to a directed verdict of acquittal requires a brief resume of the evidence. Clifford Hibbard testified that he, in company with George McCreary and appellant, agreed to break into the Western Auto Supply Company's storehouse in Barbourville for the purpose of stealing merchandise. This decision was arrived at between 4:00 and 5:00 o'clock on the morning of September 28, 1945. Pursuant to this scheme, they broke the lock on the front door of the store; but in doing so made so much noise that they were fearful they had been heard and would be apprehended. They then fled the scene, and commenced to

search for W. H. Detherage, the night policeman of the City of Barbourville. Not finding him on the streets, they went to his home. Appellant rang the doorbell, told the policeman that a tire had been stolen from his automobile, and inquired if the policeman had made discovery in respect to the incident. The policeman told him he knew nothing about it, and appellant returned to the automobile and, in company with Hibbard and McCreary, drove to a place near the Western Auto Supply Company's store. Appellant remained at the wheel of the car, while Hibbard and McCreary entered the store and stole ten automobile tires. The tires were then placed in appellant's autombile, and they drove into the country near appellant's home, where they hid the tires. They then proceeded to appellant's home, returning to Barbourville later in the morning, where they were arrested, charged with the crime. Mr. Detherage testified that appellant came to his house shortly after 5:00 o'clock in the morning and inquired about a tire allegedly stolen from his car. He stated that he returned to his bed, and that appellant then drove away. The owner of the store and one of his clerks testified that the store had been broken into either on the night of the twenty-seventh or the morning of the twenty-eighth. After appellant had been placed in jail, police officers found a piece of an automobile tire label in the back seat of his car. Previously they had recovered the stolen tires from the hiding places disclosed by Hibbard. On one of the tires they found the missing part of the label.

Section 241 of the Criminal Code of Practice provides:

"A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

In Taylor v. Commonwealth, 248 Ky. 277, 58 S. W. 2d 360, we held that possession of stolen goods by the accused is a sufficient corroboration of the testimony of an accomplice to uphold conviction of storehouse breaking. It was proved beyond conjecture that the label was a part of the merchandise stolen; therefore, its discovery in the automobile of appellant was sufficient corro-

boration of Hibbard's testimony to uphold the conviction in this case.

The sixth and final complaint is not without merit, although the specific objection raised in appellant's brief can not be sustained. He claims error because Instruction No. 1 did not require the jury to believe appellant actually stole the merchandise after entering with that intent, and cites Drake v. Commonwealth, 104 S. W. 1000, 31 Ky. Law Rep. 1286, and Wallace v. Commonwealth, 162 Ky. 85, 172 S. W. 118, in support of this contention. In both of those cases, the indictment charged the crime denounced by KRS 433.180, whereas the indictment in this case charges the crime denounced by KRS 433.190. The gravamen of the offense described in KRS 433.180 is the taking of property, and under that section the Court may not authorize the jury to convict unless they shall believe the intent to steal was executed by the actual stealing and taking away of the property in question, as was held in the Drake and Wallace cases, supra. But the gravamen of the offense described in KRS 433.-190 is breaking with intent to steal; and the consummation of such intent by the actual stealing and taking away need not be shown, although such evidence is competent and highly desirable in proof of the intent of the accused. Scalf v. Commonwealth, 228 Ky. 234, 14 S. W. 2d 759.

But the instruction is fatally defective in another respect. The instructions to the jury should present the law of the case, as it should be applied to the facts developed by the evidence; and the Commonwealth's theory may be presented to the jury only when it is supported by the evidence. Steely v. Commonwealth, 129 Ky. 524, 112 S. W. 655, 33 Ky. Law Rep. 1032; Macom v. Commonwealth, 302 Ky. 136, 194 S. W. 2d 169.

Where the evidence is conflicting as to whether the accused acted as the principal perpetrator of the crime or as an aider or abettor, it is proper to instruct the jury on both theories. But where the evidence conclusively shows that, if the defendant participated in the crime, he did so only as an aider and abettor, the Court should instruct the jury upon that theory alone; and it is error to instruct the jury so as to permit them to find him guilty of participating in the commission of the crime in a manner other than that shown by the evidence.

Steely v. Commonwealth, supra; Macom v. Commonwealth, supra.

Instruction No. I is in the following language:

"If you believe from the evidence which you have heard upon the trial of this case to the exclusion of a reasonable doubt, that the defendant, Ershel Broughton, alone on trial, or in company with Clifford Hibbard or George McCreary in Knox County, on November the 13th, 1945, before the finding of this indictment, did unlawfully, and feloniously break into the store house of the Western Auto Supply Company for the purpose of taking, stealing and carrying away therefrom property of value, against the will and without the consent of the owner, you will find the defendant Ershel Broughton guilty alone upon the trial, guilty of the crime of store house breaking and fix his punishment at confinement in the state penitentiary for not less than one nor more than five years in your discretion."

Whilst, as we have seen, the indictment charging appellant with breaking with intent to steal is sufficient to support his conviction as an aider and abettor, the instructions should have been confined to his participation in the crime only as an aider and abettor of the accomplices named in the indictment; and the Court's error in this respect requires reversal of the judgment. Also, in the above instruction, the Court did not follow the evidence in respect to the date upon which the crime occurred. This error likewise should be corrected on the next trial.

Wherefore, the judgment is reversed, with directions that appellant be granted a new trial, to be conducted in conformity with this opinion.