## BAKER v. COMMONWEALTH.

Court of Appeals of Kentucky.
Oct. 24, 1952.

S. M. Ward, Vernon Faulkner, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., for appellee.

DUNCAN, Justice.

The indictment charges the common law offense of keeping a disorderly house. Upon his trial appellant was convicted and his punishment fixed at a fine of $200 and 30 days in jail.

Appellant operates a restaurant in the city of Hazard. A young woman who states that she was a former waitress in the restaurant claims that she made use of the upstairs rooms over the restaurant to ply her trade as a common prostitute. She states that other waitresses made similar use of the rooms and that the appellant received a special fee for each customer who was entertained by the witness and other waitresses. This testimony is denied by appellant, who asserts that the witness was never employed in his restaurant in any capacity and was never in the upstairs rooms on any occasion.

■ The instructions are not limited to the use of the premises indicated by the testimony. They go much farther and authorize a conviction for permitting drinking on the Sabbath or other days, swearing, quarreling or otherwise misbehaving. There is no testimony concerning any other misconduct and the instructions should have been limited to the misuse of the premises shown by the testimony. Broughton v. Commonwealth, 303 Ky. 18, 196 S. W.2d 890; Macom v. Commonwealth, 302 Ky. 136, 194 S.W.2d 169; Johnson v. Commonwealth, 202 Ky. 714, 261 S.W. 255.

The attorney general concedes in his brief that the instructions are "slightly erroneous". In our opinion, this is an understatement of the degree of the error. The giving of an instruction applicable to facts not supported by the evidence is not always prejudicial. Usually where the giving of an instruction not supported by the evidence has been held harmless, it was in cases in which the error was clearly beneficial to the defendant. In this case, the court included in its instructions facts about which there was no testimony whatever and we cannot assume that the jury disregarded that portion of the instructions. We think the error is prejudicial.

■■ Appellant also complains that the lower court has confused the common law offense charged in the indictment with the statutory offense denounced by KRS 436. 075. The penalty authorized by the instruc-

tions does conform to that prescribed by the statute, but the appellant was not prejudiced by that fact since the statutory penalty is less than that which accompanies the common law offense. Notwithstanding the accusatory part of the indictment, it is our view that the indictment and evidence would sustain a conviction under either the statute or the common law.

The motion for an appeal is sustained and the judgment is reversed with directions to grant a new trial.