Verlin BURCHETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 8, 1964.

H. K. Spears, Somerset, for appellant.

Robert F. Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., John G. Pratcher, Commonwealth's Atty., Somerset, for appellee.

MOREMEN, Judge.

Verlin Burchett and Louis Todd were tried together under an indictment for storehouse breaking. They were found guilty and sentenced to two years' confinement in the penitentiary. Burchett has appealed.

During the night of July 17, 1963, a storehouse belonging to Ruby Chestnut was broken into and a large quantity of merchandise was stolen. The circumstances, which pointed to the guilt of Burchett and Todd and perhaps another, were as follows: A merchant policeman testified that on the night of the entry he saw and talked to Todd in front of the storehouse. He also saw Burchett and another man about two hundred yards away standing beside a truck which had its hood up. David Taylor, a police officer of the city of Somerset, and his partner, Earl Marcum, saw Todd in front of the storehouse, and questioned him. When asked why he was there, Todd said he had been to see a girl friend up on the hill. Taylor also testified that he saw the truck with the hood up not far away. Policeman Marcum testified that he too talked to Todd, asked him why he was sweating in the cool of the morning and Todd replied that he had been to see his girl friend and had been walking fast to get home. They left Todd, went over and talked to the men by the pick-up truck and asked them if anything was wrong. They said "no," that their sister lived in the house before which the truck was parked. This occurred about five a. m. The officers went back to town. The next day, Catron, chief of police, received a report that Chestnut's grocery had been broken into. He made an investigation and found part of the stolen property (which was positively identified) at the home of Henry and Bernice Powell. He also found some of the merchandise at the home of Mrs. Powell's sister, Bethel Epperson, where the truck had been parked on the night the storehouse was entered. The proof developed that both Burchett and Todd had been staying at the Epperson home. Mrs. Powell testified that on the night of the break-in Burchett and Todd had brought various stolen items to her home. Neither Burchett nor Todd offered any evidence in their behalf.

Appellant insists that the instructions by which the case was submitted to the jury were prejudicially erroneous. The instructions given were:

1.

"If the jury shall believe from the evidence beyond a reasonable doubt that in

Pulaski County and before the finding of the indictment that the defendants, Louis Todd and Verlin Burchett or either of them wilfully and feloniously broke and entered into the storehouse of Mrs. Ruby Chestnut, with the felonious intention of stealing therefrom then the jury will find the defendants guilty as charged in the indictment and fix their punishment at confinement in the State Penitentiary for a period of not less than one year or more than five years.

2.

"The words 'felonious' or 'feloniously,' as used in these instructions mean proceeding from an evil heart or purpose.

3.

"The jury may find both of the defendants guilty or both of them not guilty, they may find one of the defendants guilty and one of them not guilty but if upon the whole case the jury have a reasonable doubt of the defendants or either one of them having been proven guilty they will find such defendant or defendants not guilty."

It is argued that instruction No. 1 was erroneous in that it told the jury if it believed from the evidence that Louis Todd and Verlin Burchett, or either of them, broke into the storehouse, then the jury could find both of them guilty. It is suggested that the instruction is confusing and misleading because the jury, under that instruction, could convict both of the accused men if either one of them had actually broken into the grocery. We believe, however, that this ambiguity was correctly resolved by instruction No. 3 which states that the jury could find both of the defendants guilty or both of then not guilty or could find one of the defendants guilty or one of them not guilty. In light of that admonition, certainly there could be no misunderstanding as to the meaning of the words used in instruction No. 1. In Stanley's Instructions to Juries, Volume 3, § 798, page 39, it is said:

"The purpose of instructions being to submit the law applicable to the facts in a form which is capable of being clearly and easily understood by the jury, if when read together and considered as a whole their purpose is achieved, instructions are sufficient.

"It is not the use of the precise word which determines whether an instruction is correct. It is the idea, the law, embraced and expounded by the words. If in a reasonably intelligible way, to a reasonably intelligent mind, the court has given the whole law, the judgment will not be reversed for technical, narrow or linguistic complaints. The objection must be real, not fanciful."

We are of opinion that the jury was not misled by these instructions.

Appellant insists that an instruction on aiding and abetting should have been given, and relies upon Broughton v. Commonwealth, 303 Ky. 18, 196 S.W.2d 890. In that case Broughton remained at the wheel of a car while two other men entered an auto supply store and stole ten automobile tires. The Court held that where the evidence conclusively showed that the accused participated in a crime only as an aider and abettor, the Court should instruct the jury upon that theory alone. The Court also stated that when the evidence is conflicting as to the accused's role, as principal or as aider and abettor, it is proper to instruct on both theories.

In the case at bar, however, there was no evidence that Burchett acted as an aider or abettor. If such proof had been introduced, an instruction on that theory would have been proper, but because such proof is lacking the issue is not in the case.

The evidence of the circumstances developed by the Commonwealth pointed unerringly to the guilt of these men, and we think it was sufficient to sustain the conviction.

Judgment affirmed.